967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gilbert FUENTES, Defendant-Appellant.
 No. 91-50449.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 4, 1992.*
Decided June 15, 1992.
 
 Before D.W. NELSON, BOOCHEVER and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gilbert Fuentes appeals his conviction on one count of income tax evasion in violation of 26 U.S.C. § 7201. Evidence was introduced at trial that Fuentes failed to report a check for $200,000 from his former employer, Michael Parker. Fuentes received this money from Parker in June 1986 after writing Parker a letter detailing numerous financial losses he had incurred as a result of his employment and business ventures with Parker; the stress, anxiety, and loss of "peace of mind" he had suffered; and his knowledge of an illegal kickback scheme in which Parker had participated. Fuentes also failed to report an additional amount of approximately $33,000, which he received in two separate checks of approximately $16,500 each in January and June 1986.
 
 
 3
 On appeal, Fuentes contends that the court erred in excluding testimony concerning his state of mind, offered to negate his willfulness in failing to report these monies as income and as support for his good faith belief that they were nontaxable. He also contends that the court erred in instructing the jury concerning willfulness and the good faith belief defense. Because these arguments lack merit, we affirm.
 
 I. Exclusion of Testimony
 A. Standard of Review
 
 4
 A district court has great latitude in determining the admissibility of evidence. Determination of the relevance of evidence is committed to the district court's sound discretion. United States v. Gilley, 836 F.2d 1206, 1213 (9th Cir.1988). Fuentes urges that de novo is the appropriate standard of review, arguing that we must review the district court's interpretation of the scope of the good faith belief defense, as applied to the disputed evidence. This, he contends, is a mixed question of law and fact in which the legal question predominates. See United States v. Owens, 789 F.2d 750, 753 (9th Cir.1986), rev'd on other grounds, 484 U.S. 554 (1988). We are unpersuaded by this argument.
 
 
 5
 The scope of the good faith belief defense was not in dispute at trial. Fuentes' defense was that he believed the $200,000 check was nontaxable because it represented compensation for emotional distress damages, and that the checks totalling $33,000 were nontaxable because they represented loans. The court did not exclude the evidence because Fuentes' defense theory exceeded the district court's interpretation of the scope of the good faith belief defense. Rather, the evidence was excluded because it was not sufficiently relevant to the good faith belief defense as articulated by Fuentes himself. The court's rulings concerning the relevance of evidence were discretionary. Even when presented with a mixed question of law and fact, where the exercise of the district court's discretion is determinative, we give deference to the decision of the district court. See Owens, 789 F.2d at 753. Accordingly, we review the district court's decision to exclude portions of the testimony of Fuentes and Beauchamp Johnson for abuse of discretion. See United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989).
 
 B. Fuentes' Testimony
 
 6
 Fuentes argues that the district court erred in excluding portions of his own testimony relating to his state of mind, because this evidence was relevant and probative in negating the willfulness of his tax evasion. Willfulness is a necessary element of tax evasion under 26 U.S.C. § 7201, which makes it a felony to "willfully attempt[ ] in any manner to evade or defeat any tax imposed" by federal law. In determining whether an evasion was willful, we look only to whether Fuentes had a good faith belief that the income was nontaxable, regardless of whether that belief was objectively reasonable. Cheek v. United States, 111 S.Ct. 604, 611 (1991).
 
 
 7
 Nor did the district court err in its decision that this evidence was not relevant to prove that Fuentes actually suffered from emotional distress injuries. The district court did admit state of mind evidence to the extent it was relevant to show that Fuentes sustained emotional injuries in the course of his employment, for which he purportedly believed the $200,000 check represented a settlement. His testimony as to his emotional reactions to Parker's actions, including his emotional devastation when Parker fired him, was admitted. On the other hand, testimony about his feelings stemming from his own unwise personal investments was excluded. Because this evidence dealt only with alleged emotional injuries resulting from Fuentes' own investment decisions, and not from his treatment on the job or his firing, it was properly excluded as irrelevant to the issue of compensable emotional injury. Nor did the district court abuse its discretion in refusing to reopen the defense case to admit evidence concerning the stress Fuentes felt at the time because of these financial reversals.
 
 
 8
 Fuentes disputes the exclusion of his testimony concerning his state of mind at the time he met with Parker and received the $200,000 check. In answer to his attorney's question, Fuentes was allowed to testify that Parker did not indicate to him what particular claims the money was meant to settle. The court sustained the government's objection when Fuentes attempted to testify about his own understanding at that time as to what claims the money covered. Fuentes was, however, allowed to testify that he did not believe the check represented taxable income because he knew that compensation for personal injuries was not taxable based on his prior experience with such settlements and his familiarity with the Tax Code, and that damages for emotional distress were similarly nontaxable. The court did not abuse its discretion in excluding the testimony regarding Fuentes' understanding in 1986, because that testimony was merely cumulative of other testimony he was allowed to present.
 
 
 9
 Fuentes objects to the exclusion of his testimony regarding a meeting with his stockbroker, Beauchamp Johnson. Fuentes argues that he would have testified that he told Johnson that the money was not taxable because it was in settlement for emotional distress. He never made any proffer concerning his own testimony to the district court, however. Rather, he made a proffer as to Johnson's testimony. The court held an evidentiary hearing outside the jury's presence, questioning Johnson regarding his recollection of this conversation to determine the accuracy of the proffer. Johnson stated that Fuentes told him that the money was nontaxable and was to compensate him for economic losses he had suffered. Johnson did not mention compensation for emotional injuries. In light of the lack of a proper proffer at trial and the lack of evidentiary support for the proffer Fuentes now makes on appeal, we conclude that the court did not abuse its discretion in excluding Fuentes' testimony regarding this conversation as irrelevant to his good faith belief defense.
 
 C. Beauchamp Johnson's Testimony
 
 10
 Fuentes next argues that the court's refusal to allow Johnson to testify concerning this conversation violated his due process right to call witnesses in his own behalf. Johnson's testimony as to what Fuentes said to him was hearsay, and only would have been admissible under Fed.R.Evid. 803(3) as evidence of Fuentes' state of mind at the time he made the statements. In determining admissibility under Rule 803(3), the court must evaluate the reliability of the statement and determine the relevance of the statements to the issues in the case. See United States v. Faust, 850 F.2d 575, 585-86 (9th Cir.1988). As with relevance rulings, we review decisions under Rule 803(3) for abuse of discretion. See id. at 585.
 
 
 11
 As discussed above, Johnson would have testified that Fuentes told him in 1986 that the money was nontaxable and that it was compensation for financial losses; there is no indication that he would have testified Fuentes said it was compensation for emotional distress injuries. This testimony had marginal relevance to Fuentes' good faith belief defense. The district court determined that Fuentes' state of mind in 1986 had little relevance to his state of mind over a year later when he prepared and filed his 1986 tax return. See United States v. Ponticelli, 622 F.2d 985, 991 (9th Cir.) ("the court must determine if the declarant's state of mind at the time of the declaration is relevant to the declarant's state of mind at the time at issue."), cert. denied, 449 U.S. 1016 (1980). Moreover, because Johnson's proffered testimony did not indicate that Fuentes believed the money was paid to compensate him for emotional distress, we cannot say that any error in excluding Johnson's testimony would be more likely than not to affect the verdict. Faust, 850 F.2d at 585. The court, therefore, did not abuse its discretion in excluding the testimony.
 
 II. Jury Instructions
 
 12
 Fuentes argues that the district court's instructions misled the jury concerning the required element of willfulness and the defense of good faith belief, and that the court erred in rejecting his proposed good faith belief instruction. We review the district court's formulation of jury instructions for abuse of discretion. United States v. Joetzki, 952 F.2d 1090, 1095 (9th Cir.1991). Our inquiry is whether or not the instructions as a whole are misleading or inadequate to guide the jury's deliberations. Id. Whether jury instructions misstate the elements of a crime, or in this case the elements of a defense, is a question of law which we review de novo. See United States v. Spillone, 879 F.2d 514, 525 (9th Cir.1989), cert. denied, 111 S.Ct. 173, 210 (1990).
 
 A. Willfulness Instructions
 
 13
 The court correctly instructed the jury on the element of willfulness. The court, in pertinent part, stated:
 
 
 14
 The attempt to evade or defeat the tax must be a willful attempt. That is to say, it must be an attempt made voluntarily and intentionally with the specific intent to keep from the government a tax imposed by the income tax laws which it was the legal duty of the accused to pay to the government and which the accused knew it was his legal duty to pay.
 
 
 15
 ....
 
 
 16
 Although direct proof of the defendant's intent to evade taxes is rarely available, you may infer the defendant's willfulness from all of the facts and circumstances surrounding the defendant's failure to report income to his accountant or on his income tax return.
 
 
 17
 ....
 
 
 18
 ... [Y]ou may consider all of the surrounding facts and circumstances such as defendant's knowledge and sophistication ... and other factors you consider relevant to his state of mind.
 
 
 19
 Reporter's Transcript [R.T.] 6/20/91 at 114-117. Fuentes argues that these instructions misled the jury to consider only his failure to report income to his accountant or on his income tax return in determining willfulness, and implied that no other information about his state of mind was relevant to this determination. We disagree. The instructions explicitly invite the jury to consider "all of the facts and circumstances" surrounding Fuentes' failure to report, including "factors ... relevant to his state of mind." The court did not abuse its discretion in giving these instructions.
 
 B. Good Faith Belief Instructions
 
 20
 Fuentes contends that the court erred in refusing to give his proposed instruction concerning the good faith belief defense. The proposed instruction stated:
 
 
 21
 If Mr. Fuentes had a subjective good faith belief, no matter how unreasonable, that the money he received from Michael Parker or PNA Investment Inc., was not taxable, the government cannot establish that Mr. Fuentes acted willfully.
 
 
 22
 A defendant is entitled to jury instructions presenting his theory of defense as long as the instructions are supported by the law and have a basis in the evidence presented to the jury. United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990). When the court rejects a defendant's proposed instruction, we review the instructions actually given de novo to determine if they adequately covered the defense theory. Joetzki, 952 F.2d at 1095. The court gave the following instructions concerning the good faith belief defense:
 
 
 23
 One exception in the Internal Revenue Code is that gross income does not include the amount of any damages received whether by suit or agreement ... on account of personal injury or sickness.
 
 
 24
 Therefore, if the defendant in good faith believed that all of the $200,000 cashier's check he received from Michael Parker was solely on account of personal injuries or sickness, whether or not that belief was objectively reasonable under the law, he cannot be guilty of [a] criminal offense to evade his taxes.
 
 
 25
 ....
 
 
 26
 ... A person who acts on ... an honest belief with the intent to perform all lawful obligations is not punishable under the statute merely because that honest belief turns out to be incorrect or wrong.
 
 
 27
 R.T. 6/20/91 at 115-16. Fuentes contends that he was entitled to an instruction stating that he only need have had a general good faith belief that the money was nontaxable. He argues that the given instructions' requirement that he believe the money was for personal injury improperly omitted his defense concerning the two checks totalling $33,000 and was inconsistent with Cheek v. United States, 111 S.Ct. 604 (1991). He also argues that the instruction gave insufficient guidance to the jury regarding the nontaxability of emotional distress compensation.
 
 1. Checks Totalling $33,000
 
 28
 Because the given instructions refer only to the $200,000 check, Fuentes contends that the district court effectively omitted his defense that he believed the two additional checks totalling approximately $33,000 were nontaxable as loans on which Fuentes understood Parker would pay taxes. The instructions as given do not cover this defense contention. Our inquiry is thus whether Fuentes' purported belief as to the nontaxability of these monies had a basis in the evidence so as to require the giving of an appropriate instruction.
 
 
 29
 Fuentes testified that the $33,000 represented salary advances or loans, which he believed were nontaxable because Parker's company informed him by letter that it had written off the loans and would pay taxes on the money. The court then questioned Fuentes further on this subject. Fuentes said he had been confused about whether the taxes the company paid represented taxable income to him. He admitted, however, that he probably knew in 1986 that taxes paid by others on his behalf would represent taxable income to him, but that he "never thought of it that way." Fuentes also admitted in response to the court's questions that in 1986 he knew that a loan when written off became income and that a loan excused in 1986 would be income for 1986. Fuentes concluded by saying that "Basically it was a loan. Truly it was a loan. I did not think it was included [in taxable income]."
 
 
 30
 Fuentes argues that his answers to the district court's questions at trial did not negate his good faith belief defense and that he was entitled to an appropriate instruction that applied to his belief in the nontaxability of these monies. In declining to give his proffered instruction, he contends, the district court effectively required that the grounds for his good faith belief be reasonable in light of his understanding of the tax laws at the time of trial. We disagree. The court's questions and Fuentes' responses dealt explicitly with his understanding in 1986 concerning the taxability of loans and of taxes paid by others, not at the time of trial. Under Cheek, the focus is not "on the knowledge of the reasonable person, but rather on the knowledge of the defendant." United States v. Powell, 955 F.2d 1206, 1211 (9th Cir.1992). Here Fuentes' admitted knowledge of the applicable tax laws contradicted his asserted beliefs of nontaxability. This effectively negated the good faith belief defense as to these monies, for "one cannot be aware that the law imposes a duty upon him and yet be ignorant of it, misunderstand the law, or believe that the duty does not exist." Cheek, 111 S.Ct. at 611 (emphasis added). Fuentes cannot escape the effect of his admitted knowledge of the applicable tax laws by simply asserting that at the time he "didn't think of it." The court did not err in declining to give a good faith belief instruction as to these monies.
 
 2. $200,000 Check
 
 31
 The instructions given concerning the $200,000 were an appropriate formulation of the good faith belief defense as articulated in Cheek v. United States. Unlike Mr. Cheek, Fuentes did not claim a generalized belief that the income tax laws are unconstitutional and therefore any income was nontaxable. Rather, Fuentes claimed belief in the nontaxability of the $200,000 check based on a specific provision in the tax laws exempting payments for personal injury. He testified at trial that he believed the $200,000 check was nontaxable because it was compensation for emotional distress injuries. The given instructions adequately covered the defense theory, which was based on this specific reasoning. Moreover, in evaluating the honesty of Fuentes' belief, the jury was correctly directed to the reasons Fuentes proffered for his belief. We find no error in this regard.
 
 
 32
 Fuentes next contends that because the instruction referred only to "personal injury or sickness" it gave insufficient guidance to the jury that a settlement for emotional distress would be nontaxable. The relevant question for purposes of determining criminal liability, however, is not whether emotional distress settlements are included in this category of nontaxable income, but rather whether Fuentes honestly believed that they were. The court instructed that jury that even a belief that is "incorrect or wrong," if honest, would absolve Fuentes of criminal liability. Fuentes testified that he believed that there was no difference in the taxability of damages for physical injury and for mental distress. Therefore, because the legal definition of "personal injury or sickness" was peripheral to the question of Fuentes' good faith belief, the court did not abuse its discretion in declining to define it for the jury.
 
 CONCLUSION
 
 33
 The court did not abuse its discretion in excluding evidence concerning Fuentes' general state of mind in 1986 and in excluding Beauchamp Johnson's testimony. Nor did it err in instructing the jury concerning the elements of tax evasion and the good faith belief defense.
 
 
 34
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3