977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tommy O. MAXWELL, Defendant-Appellant.
 No. 91-50586.
 United States Court of Appeals, Ninth Circuit.
 Oct. 9, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tommy O. Maxwell appeals his conviction for one count of making and subscribing a false tax return and nine counts of aiding and assisting the preparation of fraudulent tax returns in violation of 26 U.S.C. §§ 7206(1) and (2) (1988). He contends that the government failed to prove that he acted "willfully" and therefore there is insufficient evidence to support his conviction. We reject that contention, and we affirm.
 
 
 3
 "Willfulness" in the context of criminal tax prosecutions is defined as a "voluntary, intentional violation of a known legal duty." United States v. Powell, 955 F.2d 1206, 1210 (9th Cir.1992) (internal quotation omitted). In attempting to explain his actions, Maxwell contradicted his testimony several times. Other witness further contradicted Maxwell's claims that he did not act fraudulently. The record clearly demonstrates to us that a rational jury could reasonably have concluded that Maxwell "lacked a 'good-faith belief that he was not violating any of the provisions of the tax laws.' " United States v. Kellogg, 955 F.2d 1244, 1248 (9th Cir.1992). We will not disturb the jury's determination that Maxwell acted "willfully" within the meaning of section 7206(1) and (2).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3