**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roy G. POWELL; Dixie Lee Powell,**
**Defendants–Appellants.**

**No. 90–10060.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 12, 1990.

Opinion June 13, 1991.

Order and Amended Opinion Feb. 6, 1992.

Michael Louis Minns, Houston, Tex., for defendants-appellants.

Yoel Tobin, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before TANG, FLETCHER and REINHARDT, Circuit Judges.

## ORDER

The opinion is amended in accordance with the Amended Opinion ordered filed herewith.

The parties are requested to respond simultaneously, within 21 days, to the issues raised by the suggestion for rehearing en banc in light of the Amended Opinion. Each party will thereafter be allowed 10 days in which to respond to the brief of opposing counsel. No brief shall exceed then (10) pages. Parties shall file original and 40 copies.

## OPINION

TANG, Circuit Judge:

Roy and Dixie Lee Powell appeal their jury convictions for the willful failure to file income tax returns in violation of 26 U.S.C. § 7203. The dispositive issues are whether the district court erred in its jury instructions and in limiting evidence that the Powells could present.[1] More specifically, we address whether the district court erred in (1) its instruction on willfulness, (2) refusing to allow an instruction on jury nullification, (3) instructing the jury that a federal statute did not relieve the Powells of their obligation to file an income tax return, and (4) refusing to allow the Powells to present evidence of existing law as relevant to their intent at the time of the offense. We reverse and remand for a new trial.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 8, 1989, the government filed an indictment charging Roy and Dixie Powell with willful failure to file income tax returns in violation of 26 U.S.C. § 7203 during tax years 1982, 1983, and 1984. Each of the Powells separately had gross incomes in excess of $5,400 in those years. Thus, under federal law, they were required to file a tax return. 26 U.S.C. 6012(a) (1982 ed.) (amended 1986). The Powells failed to file returns for those years.

The Internal Revenue Service (Service) informed the Powells by letter dated January 23, 1984, that the Service was unable to locate their 1982 return. The Service mailed a second, third, and fourth letter on February 27, 1984, March 19, 1984, and April 9, 1984, respectively. The last letter stated the Service could take legal action if the Powells did not respond. The Powells made no response.

The Powells had filed tax returns for the tax years 1977 through 1981. The Powells

---

1. We dispose of the other issues raised on this appeal in an unpublished memorandum disposi-   tion.

filed the 1977, 1978, and 1979 returns separately, while the 1980 and 1981 tax returns were filed jointly.

Dixie Powell submitted her 1980 and 1983 W–4 forms to her employer claiming to be exempt from the federal income tax. As a result, no federal taxes were withheld from her pay. Roy Powell also claimed exemption from withholding in his 1981 W–4 form, and his employer did not withhold any money from his pay.

During trial, Roy Powell testified that he had no recollection as to whether he had signed or filed returns for 1982, 1983, and 1984. He also testified that he had been audited almost every year since 1968. Roy Powell said that this auditing situation prompted him to think that he and his wife should research the tax laws. He testified that they concluded from their research that filing a return is voluntary and that wages and compensation are different from income. He testified that he intended to obey the law as he understood it.

Dixie Powell testified that she was too busy to file her income taxes for 1982. She also testified that she was not sure whether she had filed a return for 1982, but that her recollection was she did not. She testified as to her understanding of the income tax laws and her research results. Dixie Powell concluded, "I was not necessarily required to file an income tax...." She told the jury that she wanted "to do what I am supposed to do...." Dixie Powell cross-examined Roy Powell on their theory that the Service can file their income taxes for them.

The district court allowed the Powells to testify as to their understanding of the law and its requirement on filing a return. It would not, however, allow the Powells to present the statutes or cases they had relied upon in forming their belief. Specifically, the district court refused to allow the Powells to read to the jury 26 U.S.C. § 6020(b), which the Powells said they had studied in determining that the Service could file their tax returns for them and that their filing was therefore voluntary.

After both parties rested, the court instructed the jury that the Powells were required to file tax returns for 1982, 1983, and 1984. The court further instructed the jury that, in order for the Powells to be convicted, the government must have proved, beyond a reasonable doubt, that the Powells had failed to file their returns.

Finally, the court instructed the jury that the government, in order to convict, must have proved, beyond a reasonable doubt, that the Powells had willfully failed to file returns. The court informed the jury that willful "means a voluntary intentional violation of a known legal duty." The court instructed: "Bad purpose or evil motive is not an element of willfully failing to file an income tax return." The court instructed further that, if "a person believes, in good faith, that he or she has done all that the law requires, that person cannot be guilty of criminal intent to willfully fail to file a tax return." The court qualified that statement by saying: "[b]ut if a person acts without reasonable grounds for belief that his or her conduct is lawful, it is for you to decide whether the defendants acted in good faith, or whether they willfully intended to fail to file an income tax return." The court instructed that a citizen's belief that the tax laws are unconstitutional or that a taxpayer disagrees with those laws does not constitute a defense of good faith misunderstanding. The court informed the jury that Congress has the authority and general power to levy taxes and require the filing of tax returns, and that the failure to comply with that requirement is a criminal offense.

After the jury had deliberated for some time, it sent a note to the judge asking, "[c]an IRS file a 1040 without persons signing? ... In other words, can or will the IRS file a 1040 for a person who does not file—this would be without taxpayer's request or consent." The court then read to the jury 26 U.S.C. § 6020(b), the statute that it had prohibited the Powells from introducing. The court explained the statute as follows: "[T]he [Service] is permitted and not required to prepare a return for a person who fails to make any return required by law, ... this section ... provides the [Service] with some recourse

should a taxpayer fail to fulfill his obligation to file a return and does not supplant the taxpayer's original obligation to file." The court reiterated its instructions pertaining to willfulness, bad purpose or evil motive, and good faith belief.

The jury found the Powells guilty on all charges. The court sentenced them to one year in prison, with all but one month suspended, and to probation for sixty months.

## DISCUSSION

The Powells object to several of the instructions given by the court to the jury. They argue that the district court improperly formulated the instruction on willfulness. They assert that the jury instruction on their good faith defense improperly required them to have had an objectively reasonable good faith belief that the tax laws did not apply to them. They argue that two additional instructions otherwise misstated the law. The Powells also assert that the district court erred in failing to instruct the jury on jury nullification. Finally, they assert that the district court erred in instructing the jury that 26 U.S.C. § 6020(b) did not relieve them of their obligation to file an income tax return. We conclude that the district court erroneously formulated the instruction on their good faith defense and repeated this error when instructing on § 6020(b). We therefore reverse on those issues.

### 1. Jury Instructions

#### a. *Standard of Review*

We review the district court's formulation of jury instructions for an abuse of discretion. *United States v. Linn,* 880 F.2d 209, 217 (9th Cir.1989). We examine "whether or not the instructions taken as a whole were misleading or represented a statement inadequate to guide the jury's deliberations." *United States v. Kessi,* 868 F.2d 1097, 1101 (9th Cir.1989) (quotations omitted). We review an instruction for plain error when the defendant has not raised a proper objection at trial. *Id.* at 1102. Where the defendants have failed to object, but have submitted an instruction on the issue to the district court making

the court aware of the defendants' position, plain error is inappropriate. *United States v. Egan,* 860 F.2d 904, 907 n. 1 (9th Cir. 1988). In the latter instance, we review the questioned instruction to determine whether it misled the jury or misstated the law. *Id.*

Neither the prosecution nor a defendant is entitled to the particular language requested in a proposed jury instruction. *United States v. Soulard,* 730 F.2d 1292, 1303 (9th Cir.1984). "A trial court is given substantial latitude in tailoring jury instructions so long as they fairly and adequately cover the issues presented." *Id.*

#### b. *Willfulness Instruction*

The Powells argue the trial court's instructions regarding willfulness were improper. While the Powells failed to object to these instructions, they preserved their appellate rights by presenting their position to the district court in their proposed jury instructions number four, twelve, and sixteen. "Willfulness" in the context of criminal tax cases is defined as a "voluntary, intentional violation of a known legal duty." *Cheek v. United States,* —— U.S. ——, ——, 111 S.Ct. 604, 610, 112 L.Ed.2d 617 (1991); *United States v. Pomponio,* 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976) (*per curiam*) (quoting *United States v. Bishop,* 412 U.S. 346, 360, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941 (1973)). An instruction on willfulness need not include "bad faith" or "bad purpose." *United States v. Kelley,* 539 F.2d 1199, 1204 (9th Cir.), *cert. denied,* 429 U.S. 963, 97 S.Ct. 393, 50 L.Ed.2d 332 (1976). Neither bad purpose nor evil motive is an independent element of a willful failure to file under the statutory requirement to file tax returns, 26 U.S.C. § 7203. *United States v. Hawk,* 497 F.2d 365, 368 (9th Cir.), *cert. denied,* 419 U.S. 838, 95 S.Ct. 67, 42 L.Ed.2d 65 (1974) (cited with approval by *Pomponio,* 429 U.S. at 13, 97 S.Ct. at 24). "'[E]vil motive' is merely a 'convenient shorthand expression to distinguish liability based on conscious wrongdoing from liability based on mere carelessness or mis-

take.'" *Id.* (quoting *United States v. Boardman,* 419 F.2d 110, 114 (1st Cir. 1969), *cert. denied,* 397 U.S. 991, 90 S.Ct. 1124, 25 L.Ed.2d 398 (1970)). Thus, the government may prove willful conduct by establishing either: (1) that the defendant acted with a bad purpose or evil motive, *or* (2) that the defendant voluntarily, intentionally violated a known legal duty.

Therefore, if, on the one hand, the Service had proved beyond a reasonable doubt that the Powells had acted with a bad motive or evil purpose, then the Service would have established that the Powells had acted willfully. *Pomponio,* 429 U.S. at 12, 97 S.Ct. at 23. On the other hand, if the government had demonstrated that the Powells had voluntarily, intentionally violated a known legal duty, without some bad purpose or evil motive, the government would also have demonstrated that the Powells had acted willfully. *Id.* In this alternative method of proof, an evil motive or a bad purpose is not necessary to demonstrate that the Powells acted willfully.

■ Here, the district court correctly stated that willfulness means "a voluntary, intentional violation of a known legal duty to make and file a return." The court further stated that "bad purpose or evil motive is not an element of willfully failing to file an income tax return.... the government is not required to prove bad purpose or evil motive to meet its burden of proof." This instruction on willfulness was adequate and not misleading.

#### c. *Good Faith Defense Instruction*

■ The Powells contend that the district court erred in instructing the jury that the Powells must have held an objectively reasonable belief to have a good faith defense to the charge of willfully failing to file a return. Again, the Powells failed to object formally. However, they presented their position in jury instruction number four to the district court. The district court instructed the jury as follows:

If a person believes, in good faith, that he or she has done all that the law requires, that person cannot be guilty of criminal intent to willfully fail to file a

tax return. But if a person acts without reasonable grounds for belief that his or her conduct is lawful, it is for you to decide whether the defendants acted in good faith, or whether they willfully intended to fail to file an income tax return.

The Supreme Court recently held in *Cheek v. United States* that the government must demonstrate that the defendants did not have a subjective belief, however irrational or unreasonable, that the income tax system did not apply to them. —— U.S. at ——, 111 S.Ct. at 610–11. The Court further held that the government could not carry its burden of demonstrating that the defendant taxpayer willfully failed to file a tax return unless the government "negat[ed] a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, [defendant] had a good-faith belief that [the defendant] was not violating any of the provisions of the tax laws[.]" *Id.* If the defendant had a subjective good faith belief, no matter how unreasonable, that he was not required to file a tax return, the government cannot establish that the defendant acted willfully. *Id.* "[O]ne cannot be aware that the law imposes a duty upon him [or her] and yet be ignorant of it, misunderstand the law, or believe that the duty does not exist." *Id.* 111 S.Ct. at 611.

■ The premise of *Cheek* is that a person cannot be convicted of willful failure to file a tax return if he subjectively believes in good faith that the tax laws do not apply to him. The test does not focus on the knowledge of the reasonable person, but rather on the knowledge of the defendant. As the Supreme Court explained: "In the end, the issue is whether, based on all the evidence, the Government has proved that the defendant was aware of the duty at issue, which cannot be true if the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief or misunderstanding is objectively reasonable." *Id.*

■ Given the emphasis in *Cheek* on the defendant's subjective belief, and the

specific holding that the belief need not be objectively reasonable, the district court's reference to "reasonable grounds for belief" was misplaced.[2] The vice of the jury instruction given is that it did not make clear that the defendant must demonstrate only that a subjective good faith belief is held and not that the belief must also be found to be objectively reasonable. The jury is not precluded from considering the reasonableness of the interpretation of the law in weighing the credibility of the claim that the Powells subjectively believed that the law did not require that they file income tax returns. Still, the jury may not substitute its own determination of objective reasonableness as to the interpretation of the law in place of what the defendant subjectively believed. As given, the instruction misled the jury regarding the good faith defense and constitutes prejudicial error. *Cf. Notaro v. United States,* 363 F.2d 169, 173–76 (9th Cir.1966). We reverse on this ground. On retrial, the district court should instruct the jury only as to the subjective standard.

### d. *Instructions Containing Other Alleged Misstatements of the Law*

■ The Powells argue further that two of the district court's other instructions also contained misstatements of the law. The Powells presented no objection to these two instructions. Therefore, we review for plain error. The first instruction was:

> Mere disagreement with the law, in and of itself, does not constitute good faith misunderstanding under the requirements of law. Because it is the duty of all persons to obey the law whether or not they believe it.

The Powells argue that the instruction allowed the jury to convict them if the Powells did not *believe* that the law required them to file a return. The district court's choice of the word "believe" in this instruction was unfortunate because if the Powells did not believe that the income tax laws applied to them, they would not be guilty of willfully failing to file income tax returns. However, the district court corrected any error in this instruction by re-reading it, correctly using the words "agree with" rather than "believe," in response to a question from the jury. Viewing this instruction in context, we reject the Powells' argument and find no plain error.

■ The Powells also contend that the trial court erred in instructing:

> Congress, unquestionably, had the authority and the general power to levy taxes to require the filing of tax returns, reporting taxes and income. And the failure to comply with that requirement is a criminal offense.

The court made this statement after it informed the jury that first, the government must have proved beyond a reasonable doubt that the Powells had willfully failed to file an income tax return; and second, that, if the Powells had a good faith belief in the validity of their actions, the jury could not convict them. In this context, the challenged instruction did not misstate the law. Therefore, we find no plain error in this instruction to the jury.

### e. *Jury Nullification Instruction*

■ The Powells urge us to permit district courts to give an instruction on jury nullification. The concept of jury nullification allows the jury to acquit the defendant even when the government has proven its

---

**2.** *Cooley v. United States,* 501 F.2d 1249 (9th Cir.1974), does not conflict with our result. *Cooley* held only that a willfulness instruction need not include the exact words "bad intent" or "evil motive," *see Cooley,* 501 F.2d at 1252–53: the defendant did not raise, and *Cooley* did not decide, whether the particular instruction given in that case misstated the law or was ambiguous. Even if *Cooley* validated the instruction given in that case, that determination would no longer be valid after the Supreme Court's decision in *Cheek v. United States,* — U.S. —, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). The instruction in *Cooley* stated that "the word 'willfully' used in connection with this offense means ... without *justifiable* excuse *or* with the wrongful purpose of deliberately intending not to file a return...." *Id.* at 1253 n. 4 (emphasis added). Such an instruction would be impermissible under *Cheek* because it would misstate the law: *Cheek* held that an excuse need not be "justifiable" in order to negate the element of willfulness.

case beyond a reasonable doubt. The Powells proposed the following jury instruction:

> If you feel strongly about the values involved in this case, so strongly that your conscience is aroused, then you may, as the conscience for the community, disregard the strict requirements of the law. You should disregard the law only if the requirements of the law cannot justly be applied in this case. By disregarding the law, you may use your common sense judgment and find a verdict according to your conscience.

The Powells cite *United States v. Dougherty*, 473 F.2d 1113 (D.C.Cir.1972) as authority for their instruction. That court stated that, while jury nullification is a fact of our jurisprudential process, anarchy would result from instructing the jury that it may ignore the requirements of the law. *Id.* at 1133. The *Dougherty* court did not find error in the failure of the district court to give a jury nullification instruction. *Id.* at 1137. Our circuit's precedent indicates that the Powells are not entitled to jury nullification instructions. *United States v. Simpson*, 460 F.2d 515, 519 (9th Cir.1972). Therefore, the district court did not abuse its discretion in refusing to give the proposed instruction.

### f. § 6020(b) Instruction

The Powells assert that the district court erred in instructing the jury that 6020(b) did not supplant their duty to file income tax returns. According to the Powells, that instruction undermined their defense by encouraging the jury to consider the reasonableness of their view that they were not required to file returns. The Powells objected to this instruction in a colloquy between the Court and the Powells prior to the giving of this instruction.

The jury must receive clear instruction as to what the unlawful conduct is that the government must prove. The jury cannot be allowed to decide on its own that § 6020(b) somehow makes lawful the failure to file a return despite the command of § 7203. In other words, the jury should acquit only if it finds that the Powells believed in good faith that § 6020(b) removed the obligation to file a tax return, and not because the jury itself has so interpreted the statute. The district court was thus correct in instructing the jury that the statute does not relieve the Powells of their duty to file a tax return. *See United States v. Poschwatta*, 829 F.2d 1477, 1483 (9th Cir.1987), *cert. denied*, 484 U.S. 1064, 108 S.Ct. 1024, 98 L.Ed.2d 989 (1988).

Nevertheless, an instruction on § 6020(b) must not be framed in a way that distracts the jury from its duty to consider a defendant's good faith defense. The proper response to the jury's question regarding the IRS's ability to file a tax return on behalf of the taxpayer was to couple an instruction on the meaning of § 6020(b) with a strong reminder that the validity or invalidity of the Powells' interpretation of that section was not at issue: all that mattered was whether the Powells had a good faith belief that the law did not require them to file their own tax returns.

The district court's reiteration of its erroneous good faith belief instruction (*see* section 1(c), *supra*) accompanying the § 6020(b) instruction failed to make clear that the Powells' good faith belief that they did not have to file, even if unreasonable, would acquit them of the charge of willfully failing to file. Consequently, the § 6020(b) instruction constitutes reversible error to the extent it incorporated and reemphasized the erroneous good faith belief instruction.

### 2. Admission of Evidence

The Powells assert that the district court erred when it prohibited them from introducing certain statutes and case law into evidence. Thus, they argue, the district court undermined their defense because the jury could not evaluate the sincerity of their belief that these materials indicated that they did not have to file an income tax return. Because we reverse on other grounds, we need not decide whether to reverse on this ground as well. We nevertheless discuss the issue in order to provide guidance to the district court on remand and in similar cases.

■ The Supreme Court in *Cheek* held that "forbidding the jury to consider evidence that might negate willfulness would raise a serious question under the Sixth Amendment's jury trial provision." *Cheek,* 111 S.Ct. at 611. Although a district court may exclude evidence of what the law *is* or *should be, see United States v. Poschwatta,* 829 F.2d 1477, 1483 (9th Cir.1987), *cert. denied,* 484 U.S. 1064, 108 S.Ct. 1024, 98 L.Ed.2d 989 (1988), it ordinarily cannot exclude evidence relevant to the jury's determination of what a defendant *thought the law was* in § 7203 cases because willfulness is an element of the offense. In § 7203 prosecutions, statutes or case law upon which the defendant claims to have *actually relied* are admissible to disprove that element if the defendant lays a proper foundation which demonstrates such reliance. *See United States v. Harris,* 942 F.2d 1125, 1132 n. 6 (7th Cir.1991); *United States v. Willie,* 941 F.2d 1384, 1391–99 (10th Cir.1991). Legal materials upon which the defendant does not claim to have relied, however, can be excluded as irrelevant and unnecessarily confusing because only the defendant's subjective belief is at issue: the court remains the jury's sole source of the law. In addition, the court may instruct the jury that the legal material admitted at trial is relevant only to the defendant's state of mind and not to the requirements of the law, and may give other proper cautionary and limiting instructions as well.

### CONCLUSION

We reverse the convictions of Roy and Dixie Lee Powell and remand for a new trial. Upon retrial, if the Powells again proffer evidence of statutes, case law, and legal materials upon which they claim to have relied, the district court shall consider the admissibility of such evidence in light of *Cheek* and of our discussion of the issue in the body of this opinion. Further, when instructing the jury regarding the Powells' good faith defense, the district court shall

* By this court's order of July 15, 1991, Viviana McCalden was substituted as plaintiff-appellant

instruct only as to the subjective standard. Finally, the district court must be sure to couple its instruction as to the meaning of 26 U.S.C. § 6020(b) with a cautionary instruction that the issue is whether, despite the law, the Powells had a good faith belief that they did not have to file their own tax returns. The convictions are

VACATED and the cause is REMANDED FOR A NEW TRIAL.