977 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Buck WILSON, Defendant-Appellant.
 No. 91-30170.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 30, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Buck Wilson appeals his conviction following a jury trial for failure to file tax returns for the years 1981, 1982, and 1983, in violation of 26 U.S.C. § 7203. Wilson contends that the district court erred by failing to instruct the jury adequately on his good faith defense and that the evidence was insufficient to support his convictions. We have jurisdiction under 28 U.S.C. § 1291 and vacate and remand.
 
 
 3
 We review whether a jury instruction was an accurate statement of the law de novo. United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990). "We ' "determine whether, viewing the instructions as a whole, the court gave adequate instruction ... to ensure that the jury fully understood the issues," and to determine "whether the instruction is misleading or states the law incorrectly to the prejudice of the objecting party." ' " Id. at 279 (citations omitted).
 
 
 4
 To convict under section 7203, the government must demonstrate that the defendant "did not have a subjective belief, however irrational or unreasonable, that the income tax system did not apply to [him or her]." United States v. Powell, 955 F.2d 1206, 1211 (9th Cir.1991); Cheek v. United States, 111 S.Ct. 604, 611 (1991). "Given the emphasis in Cheek on the defendant's subjective belief, and the specific holding that the belief need not be objectively reasonable," the district court should instruct the jury only as to the subjective standard. Powell, 955 F.2d at 1211-12. The failure to make clear to the jury that the defendant's belief need not be objectively reasonable constitutes prejudicial error. Id.
 
 
 5
 Here, the district court instructed the jury that it could convict Wilson only if his conduct was willful. The district court explained that Wilson's conduct was not willful if he acted according to his good faith misunderstanding of the requirements of the law. The district court continued its instructions by stating:
 
 
 6
 It is for you to decide whether the defendant acted in good faith--that is, whether he sincerely misunderstood the requirements of the law--or whether the defendant knew that he was required to file a return and did not do so. In other words, if the defendant, in good faith, believed that he has fully complied with the law, he cannot be guilty of willful failure to file. But if the defendant acted without reasonable ground for belief that his conduct was lawful, it is for you to decide whether he acted in good faith, or whether he willfully failed to file tax returns.
 
 
 7
 ER at 59 (Jury Instruction No. 30) (emphasis added). During its deliberations, the jury requested to rehear Wilson's testimony. The district court denied the jury's request.
 
 
 8
 The government argues that, as a whole, the instructions clearly directed the jury to focus on Wilson's subjective belief. We disagree. The district court's reference to "reasonable ground for belief" misled the jury regarding the good faith defense. See Powell, 955 F.2d at 1212. The instructions, although directing the jury to examine Wilson's state of mind, did not clearly indicate that "the defendant must demonstrate only that a subjective good faith belief is held." See id.
 
 
 9
 Accordingly, we reverse the convictions and remand for a new trial. Upon retrial, when instructing the jury regarding Wilson's good faith defense, the district court shall instruct only as to the subjective standard. See id. at 1214.[1]
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we conclude that the jury instructions were inadequate, we need not review the sufficiency of the evidence