17 F.3d 397
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Adan ROMERO-REAL, Defendant-Appellant.
 No. 93-10356.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 10, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Adan Romero-Real appeals from his conviction for conspiracy to possess with intent to distribute marijuana, possession with intent to distribute marijuana, and importation of marijuana. Romero-Real contends the district court erred twice in instructing the jury on the conspiracy count. We affirm.
 
 
 3
 The trial court did not err in failing to instruct the jury that an element of conspiracy is an agreement actually consummated by the parties. The trial judge has substantial latitude so long as the instructions fairly and adequately cover the issues presented. United States v. Powell, 955 F.2d 1206, 1210 (9th Cir.1992). The instruction given stated that "[o]ne becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy." This language adequately and fairly covers the "actually consummated" language requested by Romero-Real. The additional language of the instruction, admonishing the jury that "one who has no knowledge of a conspiracy but happens to act in a way which furthers some object or purpose of the conspiracy does not thereby become a conspirator," further assured that the jury would understand that there had to be a consummated agreement for there to be a conspiracy.
 
 
 4
 Nor did the trial court commit reversible error in failing to instruct the jury that to commit a conspiracy Romero-Real had to conspire with someone other than a law enforcement official. A trial court must give a requested instruction only if "it is supported by law and has some foundation in the evidence." United States v. Gomez-Osario, 957 F.2d 636, 642 (9th Cir.1992). A district court's determination of whether the requested instruction has a foundation in the evidence is reviewed for an abuse of discretion. Id.
 
 
 5
 The evidence here does not support the theory that Romero-Real conspired only with a law enforcement official. The agent posed as the truck driver who had already been arrested. Romero-Real told the agent, "We have been waiting for you guys." RT 2/24/93 at 98. This indicates that Romero-Real conspired with the actual importers prior to his contact with the government agent. Romero-Real argues, "Defendant's only contact was with a law enforcement officer." Appellant's Brief at 12. He does not, however, offer any evidence to support this assertion. Nor does he explain why, if his only contact was with a law enforcement official, he was expecting the truck driver or why his phone number was in the truck. The trial court did not abuse its discretion in determining that Romero-Real's requested instruction had no foundation in the evidence and omitting the requested instruction accordingly.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Appellant's motion for an extension to file a reply brief is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3