45 F.3d 438
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kam Kuen WONG, Defendant-Appellant.
 No. 94-10171.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1994.
Decided Dec. 19, 1994.
 
 Before: WALLACE, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Wong appeals his conviction under 18 U.S.C. Sec. 922(g)(1) for possession of a firearm by a felon. He contends that the evidence was insufficient to support his conviction and that the trial judge improperly responded to one jury question. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 Wong's first contention is that there was insufficient evidence to convict him of possession of a firearm by a felon. The scope of our review over such a claim is narrow: if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we will affirm. United States v. Lennick, 18 F.3d 814, 818 (9th Cir.), cert. denied, 115 S.Ct. 162 (1994).
 
 
 3
 18 U.S.C. Sec. 922(g)(1) provides that it is unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm...." The only element in dispute here is whether Wong "possessed" the guns. Possession may be proven by showing "actual" (physical) possession or "constructive" possession. The government argues that Wong had constructive possession of the guns. To show this, the government must prove "a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over" the firearm. United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990), quoting United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986). In this case, because the guns were found in a residence occupied by Wong and his family, "the mere fact that contraband is discovered at the residence will not, without more, provide evidence sufficient to support a conviction based on constructive possession against any of the occupants." United States v. Reese, 775 F.2d 1066, 1073 (9th Cir.1985). There must be more than "pure speculation" about which occupant possessed the guns. There must be "evidence ... specifically connecting" Wong to the firearms. Id. at 1074.
 
 
 4
 The problem for Wong is that such evidence exists here. Wong purchased and registered both firearms before his felony conviction. At no time after his conviction did Wong transfer the registration of the guns. The firearms were found in a drawer that also contained Wong's checkbook and other personal belongings. Wong's father told the police that the bedroom was Wong's and the drawer where the guns were found was Wong's. Wong's father also told the police, at the time the guns were found, that they were registered to Wong and that they were Wong's guns.
 
 
 5
 Furthermore, Wong's special relationship to a person who indisputably had access to the guns--his father--makes Wong's constructive possession of the guns all the more believable. See United States v. Ocampo, 937 F.2d 485, 489 (9th Cir.1991) (constructive possession may be proven by showing "exclusive dominion or ... some special relationship [to the goods or people] who directly control [the goods]"); United States v. Ramos-Rascon, 8 F.3d 704, 712 (9th Cir.1993) ("constructive possession may be demonstrated circumstantially by the defendant's special relationship to those who directly control" the goods).
 
 
 6
 To be sure, there was evidence that, if credited, could cut the other way. For example, the defense claims that Wong's father kept Wong's possessions in the drawer for security reasons, because Wong lived in the unattached garage. But the inquiry into whether Wong had dominion and control over the guns is fact-sensitive, and appropriately left for the jury. The question of credibility is also for the jury, who could have discredited Wong's father's testimony. The standard of review in this case forbids us from retrying the case and reevaluating the facts. The evidence here consists of more than "pure speculation" that Wong had dominion and control over the guns. Viewing the evidence in the light most favorable to the government, we cannot conclude that no rational jury could have found that Wong possessed the guns. Therefore, the evidence was sufficient to convict Wong.
 
 
 7
 Wong's second contention is that the judge erred in response to one of the jury's questions. During deliberations, the jury asked the court the following question: "If the Defendant intends to regain control of the weapons, but not until his parole [read: probation] expired, does that intent count as the intent in ... the definition of [constructive] possession?" "Our inquiry is whether the jury instructions as a whole are misleading or inadequate to guide the jury's deliberations." United States v. Joetzki, 952 F.2d 1090, 1095 (9th Cir.1991). In reviewing jury instructions, the trial judge has substantial latitude so long as the instructions fairly and adequately cover the issues presented. United States v. Powell, 955 F.2d 1206, 1210 (9th Cir.1992).
 
 
 8
 The jury's question demonstrated a confusion about a point of law. The jury could have thought that once Wong's probation period was over, Wong could then legally possess the guns. That assumption was wrong as a matter of law because Wong, as a felon, could never legally possess a gun. The judge tried to clarify this misunderstanding, telling the jury that "[t]here is no issue regarding probation or parole as to this element. A convicted felon may not possess a firearm."
 
 
 9
 Wong argues that the judge's answer was unresponsive and misleading. However, the jury's question was obviously an inquiry into whether someone who might presently intend to take something in the future could be guilty of constructive possession, and whether Wong's probation status would somehow make a difference. Wong's counsel recognized this by telling the judge, at a colloquy outside of the jury's presence, that "[o]n their own they've decided that somehow you're not a felon any more after a while." The judge's response that regardless of one's probation status, a "felon may not possess a firearm," told the jury that whether Wong presently intended to actually take the guns today, tomorrow, or after probation, did not matter because Wong could never possess the guns. That instruction was correct as a matter of law.
 
 
 10
 The judge's response to the jury's inquiry, then, when viewed along with the other instructions on constructive possession was clearly sufficient. The jury now knew that if Wong had the "power and intention" to control the guns, even if his present intent was to take the gun in the future, that was sufficient, because a felon may never possess a gun. The judge's response was therefore not only not misleading, but correct.
 
 
 11
 AFFIRMED.