46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard BARNES, Defendant-Appellant.
 No. 93-10182.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1994.
Decided Dec. 30, 1994.
 
 Before: SCHROEDER, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Barnes appeals his jury conviction for two counts of bankruptcy fraud in violation of 18 U.S.C. Sec. 152 and three counts of income tax evasion in violation of 26 U.S.C. Sec. 7201. He contends that the district court erred by improperly instructing the jury regarding the willfulness element of the tax evasion counts, improperly refusing his proposed instructions regarding the effect of community property law on the existence of a tax deficiency, improperly admitting into evidence summaries and charts prepared by the prosecution without cautionary instructions, and improperly denying his motion for acquittal.
 
 
 3
 We affirm.
 
 BACKGROUND
 
 4
 The evidence presented at Barnes's trial established that Barnes did not file tax returns for the tax years 1983, 1984 and 1985. The IRS prepared substitute returns for Barnes for these years and sent him deficiency notices for the amounts it calculated were due. When the IRS did not receive satisfactory responses to its collection notices, it issued wage levies against Barnes and his wife. Barnes then filed a voluntary bankruptcy petition, thwarting the IRS's collection efforts through operation of the Bankruptcy Code's automatic stay provision. In his petition Barnes listed an apparently fictitious debt of $120,000 owed to a creditor identified as Constitutional Sulphur. In reality, the promissory note evidencing the debt was not in existence at the time of the filing; it was executed at a later date and backdated to a date prior to the filing. Moreover, Constitutional Sulphur apparently does not exist; the note simply served as a false predicate for the bankruptcy petition. Barnes's original petition was dismissed. Subsequently he filed another petition and again listed the Constitutional Sulphur debt.
 
 
 5
 At trial Barnes testified that he did not believe that he was required to file tax returns and that he believed that the Internal Revenue Code did not apply to him. He formed these beliefs while attending "Freeman University," operated by John Freeman who told his students that the tax laws are unconstitutional. Freeman also advised Barnes regarding Barnes's bankruptcy filings and assisted Barnes in executing the false promissory note to Constitutional Sulphur.
 
 
 6
 After a jury trial, Barnes was convicted of two counts of bankruptcy fraud and three counts of income tax evasion. He was sentenced to five years probation and now appeals his conviction.
 
 I.
 
 7
 Barnes first argues that the district court improperly instructed the jury regarding the willfulness element of the tax evasion charges. We review de novo the question whether a jury instruction misstates the elements of a crime. United States v. Johnson, 956 F.2d 197, 199 (9th Cir.1992). Our inquiry is whether the instructions taken as a whole are misleading or inadequate to guide the jury's deliberation. United States v. Powell, 955 F.2d 1206, 1210 (9th Cir.1991).
 
 
 8
 For criminal tax offenses, "willfulness" means the "voluntary, intentional violation of a known legal duty." Powell, 955 F.2d at 1210. We are required to reverse a conviction if the district court's instructions imply that a good faith belief in compliance with the tax laws must be objectively reasonable to negate the willfulness element of a criminal tax prosecution. Cheek v. United States, 498 U.S. 192, 199-204 (1991); Powell, 955 F.2d at 1211-12.
 
 
 9
 The district court's instructions on the tax evasion counts included the following:
 
 
 10
 An act is done wilfully if done voluntarily and intentionally with the purpose of avoiding a known legal duty. A person's conduct is not wilful if that person acts through negligence, inadvertence, justifiable excuse, mistake or due to a good faith misunderstanding of the law. If a person believes in good faith that they have done all the law requires, that person cannot be guilty of the criminal intent to wilfully attempt to evade the payment of federal income taxes. The person's belief may be in good faith even if it is unreasonable.
 
 
 11
 In deciding whether the defendant honestly and genuinely held such good faith beliefs or had a good faith misunderstanding of the law, you are free to consider any evidence introduced in this case showing that the defendant was aware of his legal duties and understood them. On the other hand, disagreement with the law, even one held in good faith, does not constitute a defense to the element of willfulness. It is not an excuse that somebody knows what the law requires of them, but disagrees with that law and therefore violates it.
 
 
 12
 This instruction correctly states the law and we have no difficulty affirming its use. However, in response to a jury question, the district court gave a supplemental instruction that Barnes challenges. The jury sent the judge a note indicating "we are unclear on if the Constitution outrules the IRS laws or a clarrer [sic] definition of the good faith clause." The judge responded: "A mistaken belief that a statute is unconstitutional and that one has the right to violate it is not a mistake of law such as will provide a defense to the element of wilfulness."
 
 
 13
 Barnes argues that this supplemental instruction violates the rule of Cheek. He is wrong. In Cheek, the Court held that it was error to instruct a jury that a good-faith misunderstanding of the law must be objectively reasonable to negate "willfulness." Cheek 498 U.S. at 203-04. However, the Court was careful to distinguish a defendant's claims that he misunderstood his obligations under the tax laws from claims that he believed that the tax laws were unconstitutional and therefore did not follow them. See Cheek, 498 U.S. at 204-07. The Court held that "a defendant's views about the [constitutionality] of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." Id. at 206.
 
 
 14
 The jury's question to the district judge in this case evidenced a concern over whether a defendant's honest belief in the unconstitutionality of the tax code would constitute a good faith defense negating willfulness. The district court's supplemental instruction accurately stated the law on that question. Reversal therefore is not warranted on this issue.
 
 II.
 
 15
 Barnes next argues that the district court erred by not giving Barnes's proposed instruction stating that 26 U.S.C. Sec. 66, which allows the IRS to ignore the effect of community property laws in cases where the taxpayer acts as if solely entitled to community income, did not apply to his tax returns. We conclude that the district court did not err in declining to give this instruction.
 
 
 16
 At trial, the government's expert testified as to the amount of Barnes's tax deficiencies. On cross-examination, defense counsel elicited an acknowledgment from the expert that he incorrectly applied 26 U.S.C. Sec. 66 in calculating Barnes's tax deficiencies and erroneously failed to split Barnes's income between Barnes and Barnes's wife. The expert admitted that such a split would have reduced or possibly eliminated the amount of tax Barnes allegedly owed. Subsequently, however, the expert testified that even if such a split were applied, the defendant still owed taxes for the years in question.
 
 
 17
 During deliberations, the jury sent a note asking the district judge whether they were permitted to see the text of 26 U.S.C. Sec. 66. The judge ruled that they were not. Barnes claims that the district judge's refusal to provide the jury with the statutory text somehow deprived him of his absolute right to a jury determination whether a tax was due and owing. We do not see how this is so. It is true that, in declining to give the jury the text of the statute, the judge stated his understanding that the experts had testified that a tax was due whether or not the community property split was applied. But the judge never told the jury that a deficiency existed. To the contrary, the district court's instructions to the jury on the tax evasion counts stated clearly:
 
 
 18
 In order for the defendant to be found guilty of those charges, the Government must prove each of the following elements beyond a reasonable doubt:
 
 
 19
 First: Defendant Richard Barnes owed more federal income tax for the calendar years 1982, 1983, 1984 and 1985 than was paid for each of those years; ....
 
 
 20
 The judge's comment to counsel on his reason for not providing the jury with the text of 26 U.S.C. Sec. 66 did nothing to alter the charge to the jury. The jury could deliberate without the text of the statute. There was no error.
 
 III.
 
 21
 Barnes next contends that the district court erred by admitting into evidence the government's expert witness's summaries and charts detailing his calculations of Barnes's alleged tax deficiencies. We review the district court's decision to admit evidence in the form of summaries or charts for an abuse of discretion. United States v. Meyers, 847 F.2d 1408, 1411 (9th Cir.1988). Even if the court abused its discretion, reversal is not required unless it is more probable than not that the admission of the evidence affected the verdict. Id. at 1412.
 
 
 22
 We have previously indicated that the better practice in these situations is for the court to allow such charts to be used only as testimonial aids, without being admitted into evidence. See United States v. Abbas, 504 F.2d 123, 125 (9th Cir.1974), cert denied, 421 U.S. 988 (1975). The admission of the charts into evidence in this case is especially troubling because some of the calculations of the government witness were shown to be erroneous. Nevertheless, the very cross-examination that revealed the government expert's improper application of 26 U.S.C. Sec. 66 makes it less likely that the admission of the charts affected the verdict. Indeed, defense counsel extracted an acknowledgment from the government witness that the charts overstated Barnes's tax liabilities because of his error. Reference was made to the particular exhibits that were incorrect. In these circumstances, it is not likely that the jury detrimentally relied upon the charts and summaries in reaching its verdict. Moreover, even if the charts had been changed to reflect the expert's revised testimony regarding the lesser amounts of tax deficiencies that resulted when a community property split was taken into account, testimony that was not effectively rebutted, the charts still would have revealed the existence of a deficiency. The existence of a deficiency was the critical element, not the amount. Accordingly, we conclude that even if the court abused its discretion in admitting the charts, the error was harmless.
 
 IV.
 
 23
 Finally, we reject Barnes's contention that the district court erred in denying his Fed.R.Crim.P. 29(a) motion for acquittal. First, it is frivolous for Barnes to argue that his conviction cannot stand because, once he fraudulently executed his fictitious note to Constitutional Sulphur, he had no choice but to comply with the Bankruptcy Code and list the note on his petition.
 
 
 24
 Barnes's second contention is that he cannot be convicted of an attempt to evade taxes because tax liabilities are not dischargeable in bankruptcy, and the government would some day be able to collect its tax when the automatic stay ended. This argument is foreclosed by our recent decision in United States v. Huebner, No. 92-10543, slip op. 15557 (9th Cir. Dec. 16, 1994) (withdrawing previous opinion). In Huebner, we held that false assertions of a debt to the same "Constitutional Sulphur" in a bankruptcy petition supported a conviction for attempt to evade taxes. Id. at 15565-66. Here, as in Huebner, there is strong evidence that "[t]he taxpayer[ ] ... obstructed the IRS collection effects [sic] with the purpose of permanently depriving the IRS of the money which it would have collected [but for the bankruptcy], and without any suggestion that [he] intended to make voluntary payment eventually." Id. at 15568. The district court accordingly did not err in refusing to grant Barnes's Rule 29(a) motion for acquittal.
 
 
 25
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3