BYBEE, Circuit Judge,
dissenting:
The majority opinion is entirely inconsistent with our holding in United States v. Grovo, 826 F.3d 1207 (9th Cir. 2016), cert. denied, — U.S. -, 137 S.Ct. 1112, 197 L.Ed.2d 215 (2017). There, a panel of our court held that posting child pornography on a closed, online bulletin board was — as a matter of “statutory interpretation” — an “advertisement” under 18 U.S.C. § 2251(d). Id. at 1217. We could not have been clearer:
[W]e hold that advertising to a particular subset of the public is sufficient to sustain a conviction under the statute .... Here, the defendants’ posts were shared with á closed community of 40 to 45 individuals on the [Kingdom of Future Dreams (KOFD) ] message boards. Their posts constitute advertisements under § 2251(d).
Id. at 1218-19. Today, the majority announces that arguing that posting is not advertising is now a jury question and denying Brown the opportunity to so argue was “structural error.” Maj. Op. at 737.
' Not only has the majority undone Gro-vo, it has done so in a case that could not be more similar on its facts. The online bulletin board in question here, Dark Moon, was the successor to KOFD, the board at issue in Grovo. Members of KOFD were directed to Dark Moon after the administrator of KOFD decided to idle the website. Dark Moon, however, at over 100 members, was nearly twice as large as KOFD.
The majority has turned a clear statement of our law into an invitation for jury nullification. I respectfully, but vigorously, dissent.
I
The statute Brown was convicted under, 18 U.S.C. § 2251(d), required the govern *738 ment to prove that he had published a “notice or advertisement seeking or offering” child pornography. Brown did not dispute that he had posted to the board. He. wanted to argue to the jury only that because he had posted to a closed board, he had not “advertise[d]” or put up a “notice.”
The district court correctly anticipated our holding in Grovo. It ruled,- as a matter of law, “that a closed board, such as this one, does constitute or does have a component of it that is a notice or advertisement under the applicable statute.” Thus, the district court prohibited defense counsel from arguing that the closed nature of the board necessarily means that activity on that board was not advertising.
In Grovo, decided a year after the trial in this case, we addressed precisely the same question. Grovo and Petersen argued that “because their posts on KOFD were visible only to members of that message board and not to the public as a whole,” the evidence was not sufficient to sustain their convictions under § 2251(d). Grovo, 826 F.3d at 1217. We addressed the sufficiency claim in two distinct steps. First, we addressed whether “an advertisement for child pornography must be published in the press or broadcast over the air, or must otherwise be publicly and generally known.” Id. We treated this question as one of “statutory interpretation” and reviewed it de novo. Id. at 1213. Starting with “the plain language of the statute,” we examined various dictionaries and rejected Grovo and Petersen’s claims that an advertisement had to “be published in the press or broadcast over the air.” Id. at 1217-18 (citation omitted). We analogized the postings to placing an ad in an alumni magazine, a neighborhood circular, or a high school yearbook; these would be “advertisements” “notwithstanding that it is publicized to only a cohort of the community that shares a particular affiliation or interest.” Id. at 1208. Agreeing with the Tenth Circuit’s decision in United States v. Franklin, 785 F.3d 1365 (10th Cir.), cert. denied, — U.S. -, 136 S.Ct. 523, 193 L.Ed.2d 412 (2015), we held that “advertising to a particular subset of the public is sufficient to sustain a conviction under the statute.” Grovo, 826 F.3d at 1218.
Only then, “[hjaving concluded a post on KOFD can satisfy the legal definition of an advertisement under § 2251(d),” id. at 1219, did we turn to Grovo and Petersen’s individual postings. We had little difficulty concluding that there was sufficient evidence to show that Grovo and Petersen had posted on KOFD. See id. (“[Grovo’s] post ... requesting pictures from the well-known child pornography studio ... was an ‘advertisement seeking ... to receive’ child pornography.” (fourth alteration in original) (quoting 18 U.S.C. § 2251(d)); id. (holding that Petersen’s two posts were advertisements even though “they did not contain an explicit declaration he was ‘offering child pornography’ ”)).
II
Grovo should have been the beginning and the end of our discussion. Because Brown does not dispute that he posted child pornography on Dark Moon, the only question before us is whether the posting constituted “advertising.” Grovo said, as a matter of law, it does. The panel says it is a jury question. These two points cannot remain simultaneously in our heads without blowing a fuse.
The majority makes much of the fact that Grovo was a challenge to the sufficiency of the evidence and points out the “wide gulf between saying that evidence is sufficient to convict, and saying that such evidence is always sufficient as a matter of law to convict.” Maj. Op. at 736. I am not sure what the majority means by this. *739 If the majority means that sometimes the same evidence will be sufficient to convict and sometimes it won’t, I couldn’t disagree more. That’s why we have a rule of law. But if the majority means that a defendant such as Brown should have the opportunity to show how his case is different from Grovo, then I agree completely. I just don’t believe that Brown has anything new to argue that wasn’t covered in Grovo., The reason I say that with some confidence is that Grovo was on everyone’s mind, because the case had come out of the same district, the District of Montana, and the appeal was pending before this court. Both the prosecutor and Brown’s counsel referred to the district court’s decision in Grovo by name. And Brown’s counsel knew that he was pressing exactly the same argument counsel for Grovo and Petersen had made. Here is the prosecutor’s argument:
And as another example, Your Honor, a similar argument was made in front of Judge Molloy in another trial ..., United States v. Stephen Grovo and Joshua Peterson. Now that was a bench trial, but during the Rule 29 proceedings, the defendants made a similar argument that because KOFD was a closed board similar to The Dark Moon, that there could be no advertisement. And Judge Molloy also disagreed with that.
The district court (Judge Christensen) then had the following colloquy with counsel for Brown:
Mr. Wright, do you intend to argue that because this was a closed board, it does not constitute advertising — excuse me. Let me get the exact words — “advertisement,” “advertise,” or “notice” under the statute? Do you intend to argue that?
Counsel responded:
I will argue that the features of the board don’t meet the common definition, as you put in the instruction here, Your Honor, the common contemporary definition of “notice” and “advertisement.”
The district court pressed the question again:
Okay. Let me reread my question. Do you intend to argue that because this was a closed board, it does not constitute “advertisement,” “advertise,” or “notice” under the statute as I have instructed the jury in how they’re to interpret those words? Do you intend to make that argument?
Defense counsel responded, “Yes.” The district court then asked counsel for his best authority. Here is what counsel said:
Well, my response is, Your Honor, that it’s not that I can cite a case. It’s the cases we’ve talked about and that the government just cited, is to say, Can these cases go forward? Is it proper to charge these people under these cases? ... That’s what Grovo and Peterson were talking about.
The district court prohibited Brown’s counsel from making the argument to the jury because the court ruled, as a matter of law, that posting satisfied the statutory requirement of an “advertisement.”
The majority seems to recognize that Brown’s counsel wanted to revisit Judge Molloy’s ruling in Grovo: “[A]s he told the trial court, counsel wanted to argue that in this particular case ‘the features of the board don’t meet the ... common and contemporary definition of “notice” and “advertisement.” ’ ” Maj. Op. at 736 (second alteration in original). Counsel for Brown and counsel for Grovo and Petersen wanted to make precisely the same argument; they wanted to tell the jury that a closed board — the “features of the board” — would not satisfy the “common definition” of “advertisement.” It is understandable why counsel thought he could make this argument to Judge Christensen: *740 Grovo had not been decided at the time by this court; it had only been decided by a different district judge. The majority doesn’t have the same excuse.
The majority argues that Brown should have the opportunity to argue that the features of the Dark Moon board were somehow different from KOFD. The majority points to three such features: password-protection, the “relatively few participants” in the board, and that the “rules of the forum required that.the files be encrypted.” Maj. Op. at 736. None of these features will help Brown. To begin, “password-protection” and the “closed” nature of the board are redundant features. See Maj. Op. at 733 n.2 (“The Dark Moon bulletin board was ‘closed,’ as it was inaccessible to the public and required a user-name and password to enter.”). And we decided posting on a closed, password protected board was advertising in Grovo. 826 F.3d at 1218-19. Second, the “relatively few participants” feature also could not, as a matter of law under Grovo, preclude a posting from being an “advertisement” or a “notice.” Grovo held that “advertising to a particular subset of the public is sufficient to sustain a conviction under [§ 2251(d)]” and concluded that KOFD’s closed community of 40-45 members was sufficiently “public” to constitute advertisement. Id. at 1218. Meanwhile, there were over 100 members of Dark Moon worldwide. Finally, the question of encryption did not arise as a separate argument in Grovo, and Brown’s only argument about encryption relates to an expectation of privacy for. Fourth Amendment purposes. But if it were relevant, we would still have to decide as a matter of law whether encryption matters. I don’t see how it can have any bearing on whether a posting is advertising, but the majority is free to persuade me. The one thing we don’t get to do is leave it to individual juries to decide whether an encrypted post, as opposed to an unencrypted post, is an “advertisement.” As Grovo makes clear, that is a judgment as a matter of law.
There is nothing here to take to the jury, and making the question of “advertisement” a jury question is an invitation for the jury to nullify the law. The Sixth Amendment’s right to present a defense does not include the right to ask for jury nullification. United States v. Powell, 955 F.2d 1206, 1213 (9th Cir. 1991); see also United States v. Navarro-Vargas, 408 F.3d 1184, 1202-06 (9th Cir. 2005) (en banc) (rejecting request to instruct the grand jury on nullification). Our legal system has long recognized “it is the duty of juries in criminal cases to take the law from the court and apply that law to the facts as they find them to be from the evidence.” Sparf v. United States, 156 U.S. 51, 102, 15 S.Ct. 273, 39 L.Ed. 343 (1895). The majority opinion invites the “anarchy [that] ... result[s] from instructing the jury that it may ignore the requirements of the law.” Powell, 955 F.2d at 1213.
Ill
Judge Molloy held that posting on a closed board was an “advertisement” under § 2251(d). We affirmed him in Grovo. Judge Christensen followed Judge Molloy, so we reverse him today for “structural error.” What is Judge Morris (or any other district judge) to do in the next case? No matter what he decides, he has a 100 percent chance of having a Ninth Circuit case to support him. But he has only a SO-SO chance of being affirmed. This case cries for correction.
I dissent.