
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30242 |
| Plaintiff-Appellee, | D.C. No.<br>2:17-cr-00105-RSL-1 |
| v. | |
| DANIEL A. NIX, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted May 4, 2020**
Seattle, Washington

Before: KLEINFELD, W. FLETCHER, and RAWLINSON, Circuit Judges.

Daniel Nix appeals his jury conviction for attempted evasion of payment of

taxes. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

In 1997, Nix stopped paying federal taxes on his interior design consulting business.  Although his business earned nearly $2 million in profit over the next sixteen years, Nix voluntarily paid only $744 in federal taxes.  During this time, Nix submitted false tax returns stating that he had no income and mailed fictitious money orders to the IRS.

The government charged Nix with thirteen counts of attempted tax evasion, 26 U.S.C. § 7201, eleven counts of presenting fictitious financial obligations, 18 U.S.C. § 514, and one count of corrupt interference with the Internal Revenue Code, 26 U.S.C. § 7212.  A jury convicted Nix on all twenty-five counts.

Nix appeals only his convictions for attempted tax evasion, and only on the ground that the government failed to prove that he acted willfully.  Nix claims he could not have acted willfully because he had a good-faith belief that the federal government had no authority to tax him, a "sovereign citizen."

We review whether the district court erred in denying Nix's non-renewed motion for judgment of acquittal for "manifest miscarriage of justice or for plain error." *United States v. Kuball*, 976 F.2d 529, 531 (9th Cir. 1992); *see also United States v. Maggi*, 598 F.3d 1073, 1080 n.2 (9th Cir. 2010).  However, we would affirm even if we were to review de novo.

First, "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness[.]" *Cheek v. United States*, 498 U.S. 192, 206 (1991). Nix, like the defendant in *Cheek*, had "full knowledge of the [tax] provisions at issue and a studied conclusion, however wrong, that those provisions are invalid and unenforceable." *Id*. at 205. Such taxpayers are "in no position to claim that [their] good-faith belief about the validity of the Internal Revenue Code negates willfulness or provides a defense to a criminal prosecution under [26 U.S.C. §] 7201[.]" *Id.* at 206.

Nix's defense thus fails as a matter of law. The evidence overwhelmingly showed that Nix knew about his tax obligations and chose not to comply. To prove willfulness, the government had to show that the "law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Id.* at 201; *see also United States v. Powell*, 955 F.2d 1206, 1211 (9th Cir. 1991). At trial, the government presented evidence that Nix received multiple notices from the IRS, emailed his bookkeeper about his "IRS issues," met with IRS auditors only to file for restraining orders against them, filed false tax returns, and submitted fictitious money orders to the IRS. Nix disputes none of these facts on appeal. Given this evidence, "any reasonable trier of fact

3

could have found the essential elements of the crime beyond a reasonable doubt."

*Kuball*, 976 F.2d at 531.

**AFFIRMED.**