# UNITED STATES of America, Plaintiff-Appellee,

v.

## Richard G. GAUMER, Defendant-Appellant.

### No. 91–4179.

United States Court of Appeals, Sixth Circuit.

Submitted May 11, 1992.

Decided Aug. 19, 1992.

Gregory C. Sasse, Asst. U.S. Atty. (briefed), Thomas E. Getz, Office of the U.S. Atty., Cleveland, Ohio, for plaintiff-appellee.

Richard G. Gaumer, pro se.

Before: NELSON and SILER, Circuit Judges; and SPIEGEL, District Judge.*

PER CURIAM.

This is an appeal from a conviction for willful failure to file income tax returns. Concluding that the district court erroneously excluded evidence offered by the defendant for the purpose of negating willfulness, we shall vacate the conviction and remand the case for a new trial.

I

The defendant, Richard G. Gaumer, was indicted for violating 26 U.S.C. § 7203 by willfully failing to file federal income tax returns for 1983, 1984, and 1985. Mr. Gaumer, appearing *pro se*, took the stand at trial and attempted to persuade the jury that he sincerely believed that he was not required to pay income taxes and that his failure to file tax returns was therefore not "willful."

During the presentation of his case, Mr. Gaumer identified as Defendant's Exhibit "A" a book entitled *How Anyone Can Stop Paying Income Taxes*. He testified that he read the book, that he went to a

---

* The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

law library and tried to verify some of the information it contained, and that he attended a seminar given by the book's author. As a result of his reading and seminar attendance, Mr. Gaumer said, and through study of various judicial decisions, he came to believe that people in his situation could not be required to file tax returns.

Mr. Gaumer then identified as Defendant's Exhibits "B," "C" and "D" photocopies of opinions in three court cases. When he attempted to introduce these materials in evidence, the judge made this suggestion: "Unless there's some special reason for that, why don't you just wait until the end of your case. Would you do that?" Mr. Gaumer agreed.

At the conclusion of all the testimony the court heard argument on the admissibility of the defense exhibits. (In addition to those described above, the exhibits included a Congressional Record excerpt marked Defendant's Exhibit "E.") The government objected to the introduction of the exhibits on the ground that "they're not Mr. Gaumer's beliefs." Mr. Gaumer responded that "since ... one of the issues in the crime is willfulness, it's important that the jury be able to know that I relied upon this information." The court sustained the government's objection, noting that there might be some prejudice to Mr. Gaumer if the jury were allowed to peruse these materials.

The jury ultimately returned a verdict of guilty on all counts. Mr. Gaumer has perfected a timely appeal.

## II

In *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), the Supreme Court held that a defendant may not be convicted of willfully failing to file tax returns if he held a subjective belief that the law did not impose such a duty upon him. The Court noted that

"it is not contrary to common sense, let alone impossible, for a defendant to be ignorant of his duty based on an irrational belief that he has no duty, and forbidding the jury to consider evidence that

might negate willfulness would raise a serious question under the Sixth Amendment's jury trial provision." *Id.* at ——, 111 S.Ct. at 611.

Under *Cheek*, as the Court of Appeals for the Ninth Circuit recently noted, the district court

"ordinarily cannot exclude evidence relevant to the jury's determination of what a defendant *thought the law was* in § 7203 cases because willfulness is an element of the offense. In § 7203 prosecutions, statutes or case law upon which the defendant claims to have *actually relied* are admissible to disprove that element if the defendant lays a proper foundation which demonstrates such reliance." *United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir.1992) (dictum) (citations omitted).

In *United States v. Willie*, 941 F.2d 1384 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1200, 117 L.Ed.2d 440 (1992), however, the Court of Appeals for the Tenth Circuit held that a defendant generally has no right to present otherwise excludable legal documents offered to support a claim that he thought he was under no obligation to file a tax return. Judge Ebel dissented, suggesting that if a defendant knew of data "in the Constitution, statutes, legislative history, or the like" allegedly supporting a professed view that he was not required to file a tax return, the material would be admissible to negate willfulness as long as there was a "nexus" between the material and the defendant's stated views. *Id.* at 1402 (Ebel, J., dissenting). We find Judge Ebel's dissent persuasive.

In the case at bar, Mr. Gaumer testified that his study of Defendant's Exhibit A—a book that purports to tell the reader "[w]hy you are not legally required to file tax returns"—led him to do further research to verify the author's claims that people like himself had no such obligation. This research led him to Exhibits B through E, consisting of photocopies of *Brushaber v. Union Pacific R.R. Co.*, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916), *Flint v. Stone Tracy*, 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911), *Stanton v. Baltic Mining*

*Co.*, 240 U.S. 103, 36 S.Ct. 278, 60 L.Ed. 546 (1916), and pages 2578–81 of the Congressional Record of March 27, 1943. Gaumer testified that he learned from *Brushaber* and the *Congressional Record* excerpt that income taxes are excise taxes. He further testified that his reading .of *Flint*, plus further research, persuaded him that he was not engaged in any excise-taxable activity.

As a legal matter, the exhibits do not validate Mr. Gaumer's views. As a factual matter, however, we think a jury might have discerned a nexus between these materials and Mr. Gaumer's stated belief that he was not required to file income tax returns. *Brushaber* and the *Congressional Record* excerpt do indeed state that for constitutional purposes, the income tax is an excise tax. This statement is reiterated in *Stanton*, and *Flint* discusses the scope of the term "excise tax" in a way that could conceivably be thought to provide some comfort to a person in defendant Gaumer's station. Mr. Gaumer should therefore have been allowed to present the contents of the exhibits to the jury to the extent that the material was relevant.

This does not mean that the trial court was required to permit the physical introduction of exhibits comprising hundreds of pages. At a minimum, however, defendant Gaumer should have been allowed to read relevant excerpts to the jury. And if the physical exhibits were to be kept out, the defendant should have been so advised before it was too late for him to introduce excerpts orally.

We therefore VACATE the conviction and REMAND the case for a new trial.

SILER, Circuit Judge, dissenting.

Although the majority opinion does not discuss all the points raised on appeal, I would affirm the judgment of the district court in all respects. I dissent because I disagree with the majority's conclusion that it was error to have excluded five items of documentary evidence, consisting of a book, three Supreme Court opinions, and excerpts from the 1943 Congressional Record.

Obviously, I agree that the defendant in this case could lawfully raise the defense that he could not be convicted for wilfully failing to file his tax returns if he held a subjective belief that the law did not impose such a duty upon him. *See Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). "[I]n deciding whether to credit [defendant's] good-faith belief claim, the jury would be free to consider any admissible evidence from any source showing that [defendant] was aware of his duty to file a return and to treat wages as income, including evidence showing his awareness of the relevant provisions of the Code or Regulations, of court decisions rejecting his interpretation of the tax law, of authoritative rulings of the Internal Revenue Service, or of any contents of the personal income tax return forms and accompanying instructions that made it plain that wages should be returned as income." Id., at ——, 111 S.Ct. at 611. However, *Cheek* does not hold that such evidence in documentary form is admissible in support of such a defense, although the trial court allowed the defendant in that case to introduce certain materials containing references to quotations from opinions and statutes.

I agree that the defendant in this case at bar could testify as to his subjective beliefs that he was not required to file an income tax return, but the defendant was not precluded from testifying about that, nor that he was basing it upon cases or books he had read. However, I believe that this is a mine field for confusing the jury if the defendant in such a case could introduce documents of this sort in support of his defense. If he had been permitted to introduce these items, then the prosecution may have been allowed to introduce the evidence referred to in Cheek. Instead, the district court exercised its discretion in excluding the evidence. The district court did not cite any particular rule of evidence, but it is obvious that its ruling was based upon Fed.R.Evid. 403, because the exhibits were confusing and misleading to the jury.

The majority opinion discussed the decision in *United States v. Willie*, 941 F.2d

1384 (10th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1200, 117 L.Ed.2d 440 (1992), but it finds the dissent by Judge Ebel as persuasive. I would follow the majority opinion in that case and in *United States v. Hairston,* 819 F.2d 971 (10th Cir. 1987), for the proposition that the introduction of those documents was discretionary with the trial court, and that discretion was not abused.

I realize that there is dictum to the contrary in *United States v. Powell,* 955 F.2d 1206, 1214 (9th Cir.1992), but I foresee that policy as a mistake in the law, for it would encourage tax protestors or others who wish to raise a defense of willfulness, to introduce numerous outdated documents or opinions in support of their defenses, in order to confuse the issues at trial.