**T. C. Memo. 1995-476**


UNITED STATES TAX COURT


CHARLES P. DEWITT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3715-95.                    Filed October 4, 1995.


Charles P. DeWitt, pro se.

Donald R. Gilliland, for respondent.


MEMORANDUM OPINION

SCOTT, Judge:  This case is before us on respondent's motion for judgment on the pleadings.

Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax for the calendar years 1987 to 1992 in the amounts as follows:

|      |            | Additions to tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1987 | $4,921 | $1,230 | $266 |
| 1988 | 4,455 | 1,114 | 283 |
| 1989 | 1,946 | 342 | 87 |
| 1990 | 3,540 | 282 | 57 |
| 1991 | 3,971 | 291 | 49 |
| 1992 | 5,142 | 803 | 132 |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

In the notice of deficiency respondent determined that petitioner failed to file a Federal income tax return for any of the years here involved. The income determined as received by petitioner was primarily self-employment income for the years 1987 and 1988, and wage income for the other years.

Petitioner placed in issue in his petition all the deficiencies and additions to tax determined by respondent and claimed an overpayment of $7,726. In the petition, petitioner states that he disagrees with the deficiencies determined because:

> As a result of the adoption of the 16th Amendment to the U.S. Constitution, the income tax is an indirect tax. Indirect taxes are never upon property, money or otherwise, but only upon taxable activities. All income received by Petitioner during tax years 1987-1992 arose from sources other than taxable activities. All the above is claimed in accordance with, but not limited to, 26 C.F.R. (1939) Section 39.22(b)-1(a), (see attached copy).

There is no other statement of facts or assignment of errors in the petition.

Respondent in her answer to the petition denied all allegations. Respondent affirmatively alleged that petitioner's position was frivolous, that petitioner had unreasonably failed to pursue administrative remedies before commencing this case, and, therefore, is liable for a penalty under section 6673. Attached to the answer were copies of letters sent by petitioner to respondent's agents during the course of the investigation of his tax liabilities, which show that petitioner failed to cooperate with respondent's agents in the conduct of the investigation on alleged constitutional grounds.

Petitioner attached a document to his reply to respondent's affirmative allegations in her answer called "Memorandum of Law", in which he argued that the income tax was an excise tax that was applicable only to income that arose from taxable activities, and that none of his activities were taxable activities.

This case is set for trial on the calendar of this Court in Birmingham, Alabama, commencing October 30, 1995. On August 7, 1995, respondent filed a motion for judgment on the pleadings in which she asked that the Court hold that no ground assigned in the petition raised any factual issue with respect to the correctness of the determination in the notice of deficiency, but petitioner merely alleged fictitious constitutional issues, which had been determined contrary to petitioner's position in a number

of cases. Respondent stated that since claims comparable to those made by petitioner had been rejected by this Court and other courts that this case be decided in her favor on the pleadings. In the motion respondent also requests the Court to award damages to the United States in an appropriate amount under section 6673.

By order dated August 9, 1995, petitioner was given until September 8, 1995, to reply to respondent's motion for judgment on the pleadings. In the order giving petitioner until September 8, 1995, to respond to respondent's motion, the Court pointed out that this Court and other courts had rejected arguments similar to petitioner's arguments, and that if petitioner responded without satisfactorily showing any distinction between the allegations he now makes and those uniformly rejected by this and other courts as frivolous, respondent's motion would be granted and the deficiencies and additions to tax as set forth in the notice of deficiency would be determined against petitioner. The order directed petitioner to file an amended petition, if he contended there were any factual errors in respondent's computation of his tax liability for any year here in issue. The order also directed petitioner to state the reasons, if any, why this Court should not award damages to the United States under section 6673 based on the fact that this case was instituted primarily for delay and that petitioner's position in the case is frivolous or groundless.

Petitioner on September 11, 1995, in his response to respondent's motion for judgment on the pleadings apparently recognizes that in Lonsdale v. Commissioner, 661 F.2d 71 (5th Cir. 1981), affg. T.C. Memo. 1981-122, the Court of Appeals affirmed our holding that a taxpayer's argument that the income tax is a direct tax that must be apportioned among the several States, which is similar to the argument petitioner makes in this case, was without merit in view of the provisions of the Sixteenth Amendment to the Constitution. He states in his response to respondent's motion that our prior holdings and those of Courts of Appeals do not mean that this Court is not bound by decisions of the U.S. Supreme Court, and that the holdings of the Supreme Court of the United States in Stanton v. Baltic Mining Co., 240 U.S. 103 (1916), and Brushaber v. Union Pac. R.R., 240 U.S. 1 (1916), support his position. Petitioner cites United States v. Gaumer, 972 F.2d 723 (6th Cir. 1992), in support of his position. The Gaumer case cited by petitioner was an appeal by a defendant from a conviction for willful failure to file income tax returns. The Court of Appeals reversed the conviction and directed a new trial, since it found error in the ruling of the trial judge that materials which the defendant testified he had read and believed supported his position that he was not required to file income tax returns were not admitted in evidence. Relying on Cheek v. United States, 498 U.S. 192 (1991), the court stated in United States v. Gaumer, supra at 724:

In the case at bar, Mr. Gaumer testified that his study of Defendant's Exhibit A--a book that purports to tell the reader "[w]hy you are not legally required to file tax returns"--led him to do further research to verify the author's claims that people like himself had no such obligation.  This research led him to Exhibits B through E, consisting of photocopies of <u>Brushaber v. Union Pacific R.R. Co.</u>, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916), <u>Flint v. Stone Tracy</u>, 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911), <u>Stanton v. Baltic Mining Co.</u>, 240 U.S. 103, 36 S.Ct. 278, 60 L.Ed. 546 (1916), and pages 2578-81 of the Congressional Record of March 27, 1943.  Gaumer testified that he learned from <u>Brushaber</u> and the <u>Congressional Record</u> excerpt that income taxes are excise taxes. * * *

As a legal matter, the exhibits do not validate Mr. Gaumer's views.  As a factual matter, however, we think a jury might have discerned a nexus between these materials and Mr. Gaumer's stated belief that he was not required to file income tax returns. <u>Brushaber</u> and the <u>Congressional Record</u> excerpt do indeed state that for constitutional purposes, the income tax is an excise tax.  This statement is reiterated in <u>Stanton</u>, and <u>Flint</u> discusses the scope of the term "excise tax" in a way that could conceivably be thought to provide some comfort to a person in defendant Gaumer's station.  Mr. Gaumer should therefore have been allowed to present the contents of the exhibits to the jury to the extent that the material was relevant.

Clearly, the case of <u>United States v. Gaumer</u>, <u>supra</u>, does not support petitioner's position in the present case, since it is stated therein that the cases of <u>Stanton v. Baltic Mining Co.</u>, <u>supra</u>, and <u>Brushaber v. Union Pac. R.R.</u>, <u>supra</u>, on which petitioner relies in the instant case, as a legal matter, do not validate the views that a taxpayer is not required to file income tax returns because an income tax is an excise tax.  The Court's holding merely was that the evidence should have been permitted to be introduced in connection with the issue of whether the

defendant's failure to file returns was willful, which was a necessary element of proof in that criminal case.

In <u>Coleman v. Commissioner</u>, 791 F.2d 68 (7th Cir. 1986), affg. an order of this Court granting summary judgment in favor of respondent, in a case similar to this case, cited by respondent in her motion for judgment on the pleadings, the court specifically held that the arguments made by the taxpayer that the Sixteenth Amendment authorizes only excise taxes and excise taxes will be imposed only on Government granted privileges, were "tired arguments that were frivolous". In <u>Martin v. Commissioner</u>, 756 F.2d 38, 40 (6th Cir. 1985), affg. T.C. Memo. 1983-473, also cited by respondent in her motion for judgment on the pleadings, the Court of Appeals, in disposing of a taxpayer's argument that the Supreme Court had held that an income tax is an excise tax, which can only be assessed against those either licensed or incorporated, stated:

> This argument is baseless. In <u>Brushaber</u> [<u>Brushaber v. Union Pacific R.R. Co.</u>, 240 U.S. 1 (1916)], the Court found the 1913 income tax law to be constitutional. The Court also noted that in <u>Pollock</u> [<u>Pollock v. Farmers Loan & Trust Co.</u>, 158 U.S. 601 (1895)] it had previously found the taxing of income from professions, trades, employments or vocations to be constitutional in the form of an excise tax. In light of the sixteenth amendment, however, all taxation of income, "from whatever source derived," was found to be constitutional in <u>Brushaber</u>. A multitude of cases following <u>Brushaber</u> have held that the type of revenues and receipts earned by appellant, a substantial farmer, constitute taxable income under the Internal Revenue Code. * * *

<u>Martin v. Commissioner</u>, <u>supra</u> at 40.

Since petitioner has raised only frivolous legal issues in his petition, which, as a matter of law, do not sustain his position, the respondent's motion for judgment on the pleadings is properly taken. Rule 123; Abrams v. Commissioner, 82 T.C. 403, 408 (1984).

Respondent in her answer in this case affirmatively asserted the application to this case of section 6673. In view of the facts that: (1) Respondent's motion cited cases holding a position identical to that taken in this case is frivolous; (2) the order of this Court dated August 9, 1995, also cited cases holding positions similar to the position taken by petitioner in the instant case to be frivolous; (3) the order of this Court dated August 9, 1995, stated that if petitioner did not elect to amend his petition to allege factual disagreements with respondent's determination, respondent's motion would be granted, and (4) the order dated August 9, 1995, stated that if petitioner did not elect to amend his petition he should state his reasons, if any, why this Court should not award damages to the United States under section 6673 on the grounds that this case was instituted primarily for delay and that petitioner's position in the case is frivolous or groundless, we conclude that a penalty under section 6673 should be determined against petitioner. Petitioner in his response to respondent's motion for judgment on the pleadings stated no reason why this Court should not award damages to the United States under section 6673

on the grounds that this case was instituted primarily for delay and that petitioner's position in the case is frivolous or groundless, except the argument that the income tax is an excise tax which is not applicable to his income.

The Court, therefore, determines that respondent's motion for judgment on the pleadings is granted.  The Court further holds that petitioner is required to pay to the United States a penalty of $5,000 under the provisions of section 6673.

An order granting respondent's motion for judgment on the pleadings will be entered, and decision will be entered for respondent in accordance with the determination in the notice of deficiency and the penalty determined herein.