T.C. Memo. 1997-305

UNITED STATES TAX COURT

ROSEMARY V. COCOZZA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 639-96.                    Filed July 1, 1997.

Rosemary V. Cocozza, pro se.

<u>J. Scot Simpson</u>, for respondent.

MEMORANDUM OPINION

BEGHE, <u>Judge</u>:  This case is before the Court on cross-motions for summary judgment under Rule 121.[1]  For the year 1992, respondent determined a deficiency of $8,026 in petitioner's

_____

[1] All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year in issue.

Federal income tax, an addition to tax of $1,911.50 under section 6651(a) for failure to file an income tax return, and an addition to tax of $331.20 under section 6654(a) for failure to make payments of estimated tax.

Background

The parties have stipulated that during 1992 petitioner received total wage income of $44,506 from three employers (Telecable Supply Corp., Lynn Electronics Corp., and Dial America Marketing, Inc.) and had income tax withholding of only $380, and that petitioner did not file an income tax return or make any estimated tax payments for the year.

Respondent's statutory notice based its determination on reports by the payers of wages paid, allowed a personal exemption allowance and the standard deduction, and computed the tax based on single filing status. The statutory notice, in its "Summary of Income Sources", also refers to an "aggregate" loss of $3,673 and "realized" loss of $1,023 "paid" to petitioner by Lind-Waldock & Co. but does not take any such loss into account in computing petitioner's tax liability.

Petitioner was a resident of Port Richey, Florida, at the time of filing her petition. Paragraph 4 of the petition, in which we would expect to find assignments of error, states in its entirety as follows: "Petitioner did not engage in any income excise taxable activities during the year in question, and Title

27 CFR is inapplicable to deficiency assessments herein." The petition neither contains a paragraph 5 nor alleges any facts on which petitioner bases her position in this case.

Notwithstanding the failure of the petition to set forth any assignment of error or supporting statements of fact, respondent did not file a motion to dismiss petitioner's petition for failure to state a claim on which relief can be granted. Respondent instead filed a pro forma answer, setting forth the following denials:

3.  Denies that respondent's determination of a deficiency and additions to tax is erroneous.

4.  Denies.

5.  Denies generally each and every allegation of the petition not hereinbefore specifically admitted, qualified or denied.

On November 21, 1996, the Court's notice setting case for trial at the Court's April 28, 1997, Tampa, Florida, trial session and standing pretrial order were served on petitioner. Respondent timely submitted a trial memorandum. Respondent's trial memorandum asserts, notwithstanding petitioner's failure to file a tax return for 1992, that she filed returns for 1989 through 1991, reporting wage income of the same order of magnitude for each of those years as the total wage income reported by petitioner's payers for 1992. Neither respondent's trial memorandum nor any other document filed or served on petitioner by respondent in this case contains any reference to

the insufficiency of petitioner's petition under Rule 34(b) (which sets forth the required contents of a petition), the lack of merit of her legal position, the failure to allege any facts, or the possibility of a penalty under section 6673(a).

Petitioner and respondent appeared at the calendar call and filed a stipulation of facts. At the calendar call, petitioner lodged and served on respondent a "Memorandum of Law in Support of Petition". At the hearing, respondent's counsel indicated, in response to the Court's questions, that respondent would allow a loss with respect to Lind-Waldock & Co. if petitioner would otherwise concede the case. Petitioner rejected respondent's offer; she replied: "I would truly like to stand on the memorandum of law that I submitted to the Court and would not be willing to make that agreement, your Honor." The Court thereupon caused petitioner's memorandum to be filed as petitioner's motion for summary judgment, and respondent countered with an oral motion for summary judgment. The Court informed the parties that respondent need not file any papers in support of respondent's cross-motion and that it was taking the matter under advisement.

Discussion

Although we have inherent power to dismiss a party's case for failure to state a claim, see Rule 123(b); May v. Commissioner, 752 F.2d 1301, 1303-1304 (8th Cir. 1985)(tax protester arguments, including denial that wages are income;

dismissal for failure to state a claim), we believe it is preferable, in the circumstances of this case, briefly to address the issue raised by the parties' cross-motions for summary judgment.

Petitioner's "Memorandum of Law", which the Court filed as her motion for summary judgment, looks like a canned brief. It rehashes discredited arguments that the income tax is an indirect tax or excise tax that cannot be laid upon property, that not only an individual's labor, but also the income therefrom, is his or her property, that an excise tax is a privilege tax that it is unlawful to impose upon the individual's inalienable right to exist, which includes his labor, and that the holdings of the Supreme Court in <u>Stanton v. Baltic Mining Co.</u>, 240 U.S. 103 (1916), and <u>Brushaber v. Union Pac. R.R.</u>, 240 U.S. 1 (1916), as interpreted and applied in <u>United States v. Gaumer</u>, 972 F.2d 723, 724-725 (6th Cir. 1992), support her position.[2]

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. <u>Florida Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials,

---

[2] Petitioner's Memorandum of Law makes no mention of the argument in her petition regarding Title 27 C.F.R., and we deem it to have been abandoned.

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); <u>Zaentz v. Commissioner</u>, 90 T.C. 753, 754 (1988); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).

Because the issue is purely legal, this case is ripe for summary judgment.  Timeworn discredited arguments that wages are not taxable income suffice, as an alternative to dismissal, to justify summary judgment for respondent.  <u>Coleman v. Commissioner</u>, 791 F.2d 68 (7th Cir. 1986) (wages not income); <u>Beard v. Commissioner</u>, 82 T.C. 766, 772-774 (1984) (wages not income), affd. per curiam 793 F.2d 139 (6th Cir. 1986); <u>Cornell v. Commissioner</u>, T.C. Memo. 1983-370 (wages not income), see also <u>Crain v. Commissioner</u>, 737 F.2d 1417 (5th Cir. 1984).  There is no need for us to spend any time on the arguments in petitioner's "Memorandum of Law".  Petitioner should read the foregoing cases, if she has not already done so.  We therefore grant respondent's motion for summary judgment, sustaining all of respondent's determinations, and deny petitioner's motion.

We now raise sua sponte whether we should impose a penalty under section 6673(a) against petitioner on the ground that petitioner instituted or maintained the proceeding primarily for

delay or that petitioner's position in this proceeding is frivolous or groundless. Although petitioner's position clearly has neither legal merit nor factual support, we have no basis in this record for assessing petitioner's motives in instituting and maintaining the proceeding. There is no evidence in the Court's records that petitioner has previously been a litigant in this Court. Nor is there any evidence in the record of this case that petitioner had received any prior warnings in this proceeding, as would have occurred if respondent had filed a motion to dismiss the petition on the grounds that it failed to state a claim on the basis of which relief could be granted.[3] In the absence of a basis in this record for assessing petitioner's motives, see May v. Commissioner, supra at 1306-1308, we shall not impose a penalty under section 6673(a).

Petitioner's unwillingness to dispose of this case by agreement creates the impression that petitioner may wish to file an appeal. We conclude by informing petitioner, as we have

---

[3] The Court generally responds to such a motion by directing the taxpayer to file a proper amended petition, as required by Rule 34(b), setting forth with specificity each error made by respondent in the statutory notice and separate statements of fact on which the assignments of error are based. This procedure gives the Court an opportunity to tell the taxpayer that her arguments are tax protester arguments that have no merit, that for the taxpayer to persist in making them would waste everyone's time, and to warn the taxpayer that to remain on her original course will result in the imposition of sanctions under sec. 6673(a). If the taxpayer fails to respond to the Court's order or to amend the petition, we generally dismiss the case.

informed other taxpayers advancing arguments having no legal merit or factual support, see, e.g., <u>Abrams v. Commissioner</u>, 82 T.C. 403, 410-412 (1984); <u>Talmage v. Commissioner</u>, T.C. Memo. 1996-114, affd. without published opinion 101 F.3d 695 (4th Cir. 1996); <u>DiCarlo v. Commissioner</u>, T.C. Memo. 1992-280, that the Courts of Appeals have their own sanctioning powers to deal with frivolous appeals.  Sec. 7482(c)(4); 28 U.S.C. sec. 1912 (1994); Fed. R. App. P. 38.  The Court of Appeals for the Eleventh Circuit, to which an appeal in this case would lie, has not hesitated in appropriate cases to use its power to order sanctions under these provisions.  See, e.g., <u>Pollard v. Commissioner</u>, 816 F.2d 603, 605 (11th Cir. 1987); <u>McNair v. Eggers</u>, 788 F.2d 1509, 1510 (11th Cir. 1986); <u>Biermann v. Commissioner</u>, 769 F.2d 707 (11th Cir. 1985); see also <u>Coleman v. Commissioner</u>, <u>supra</u> at 72-73; <u>Mathes v. Commissioner</u>, 788 F.2d 33, 34-36 (D.C. Cir. 1986); <u>Connor v. Commissioner</u>, 770 F.2d 17, 20 (2d Cir. 1985).

To reflect the foregoing,

<u>An appropriate order and</u>
<u>decision will be entered for</u>
<u>respondent</u>.