**Andrew WROBLEWSKI, Petitioner–Appellant,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**Docket No. 04–0515–AG.**

United States Court of Appeals, Second Circuit.

Sept. 30, 2005.

Andrew Wroblewski, Marion, N.Y. (on submission), for Appellant.

Robert W. Metzler and Anthony T. Sheehan, Attorneys, Tax Division, for Eileen O'Connor, Assistant Attorney General, Washington, D.C. (on submission), for Appellee.

Present: CALABRESI, KATZMANN, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the tax court is **AFFIRMED.**

Appellant Andrew Wroblewski ("Wroblewski") appeals a decision of the United States Tax Court, upholding the determination of the Internal Revenue Service ("Service") that Wroblewski owed a total deficiency of $99,646.00 in taxes plus penalties and interest. Appellant conceded that he had not filed tax returns in 1994, 1995, 1996, 1997, or 1998, and made no claim that the deficiency was wrongly calculated. Rather, he argued that the income tax was an excise tax, and that he had not engaged in any taxable excise activities during the years at issue. We assume the parties' familiarity with the relevant facts and the specification of issues on appeal.

The tax court correctly held that Appellant's arguments have long been rejected as meritless. We affirm substantially for the reasons set forth in the decision now on appeal. The tax court imposed sanctions, finding that Appellant had made frivolous constitutional arguments not grounded in a factual basis. We do not find that the tax court abused its discretion in imposing sanctions below. *See* 26 U.S.C. § 6673(a)(1)(A), (B) (providing that the tax court may impose sanctions where it finds that the "proceedings before it have been instituted or maintained by the taxpayer primarily for delay," or where "the taxpayer's position in such proceeding is frivolous or groundless").

The government now asks for sanctions against Appellant for bringing a groundless and frivolous appeal. *See* 26 U.S.C. § 7482(c)(4) (authorizing the Court of Appeals to impose a penalty on a taxpayer "in any case where the decision of the Tax Court is affirmed and it appears that the appeal was instituted or maintained primarily for delay or that the taxpayer's position in the appeal is frivolous or groundless"). While Appellant's arguments manifestly have no merit, the issue of whether to sanction a pro se litigant making such arguments in a single petition challenging the Service's assessment of a deficiency is a more difficult question. The language of one circuit court opinion,

if read out of context, could mislead a pro se litigant. *See United States v. Gaumer,* 972 F.2d 723, 725 (6th Cir.1992) (citing cases "stat[ing] that for constitutional purposes, the income tax is an excise tax"). Accordingly, we decline to impose sanctions for bringing the appeal.

We have considered all of Appellant's claims and find them to be without merit. Accordingly, we AFFIRM the judgment of the tax court. The motion for sanctions on appeal is DENIED.