**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| E&E CO., LTD., a California corporation, | No. 09-16418 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00871-MMC |
| v. | |
| KAM HING ENTERPRISES, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued May 13, 2010
Submitted April 15, 2011.
San Francisco, California

Before: REINHARDT, W. FLETCHER, and N.R. SMITH, Circuit Judges.

E&E Co., Ltd. ("E&E") filed suit against Kam Hing Enterprises, Inc.,

Sunham Home Fashions, LLC, JJ International Trading Co., Howard Yung, and

Arthur Courbanou (collectively "Defendants") alleging a violation of California's

Unfair Competition Law ("UCL").  E&E appeals (1) the district court's dismissal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

of its claims for failure to plead with particularity as required by Federal Rule of Civil Procedure 9(b).  Defendants cross-appeal (2) the district court's finding that E&E has standing to bring this action under the UCL.  Defendants also alternatively assert that this court can affirm the district court, because (3) E&E's complaint failed to state a claim upon which relief can be granted, and (4) California lacks jurisdiction over Defendants Howard Yung and Arthur Cournbanou.[1]  Pursuant to 28 U.S.C. § 1291 we have jurisdiction and we AFFIRM in part, REVERSE in part, and REMAND.

1.      Federal Rule of Civil Procedure 9(b) governs complaints that "allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).  Fraud must be alleged with particularity.  Fed. R. Civ. P. 9(b).  "However, the rule may be relaxed as to matters within the opposing party's knowledge.  For example, in cases of corporate fraud, plaintiffs will not have personal knowledge of all of the underlying facts."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (citation omitted).  "In such cases, the particularity requirement may be satisfied if the allegations are accompanied by

---

[1]      Defendants raised the 12(b)(6) and personal jurisdiction issues to the district court, but the district court did not reach these issues, because it dismissed under Federal Rule of Civil Procedure 9(b).

2

a statement of the facts on which the belief is founded." *Id.* (internal quotation marks and citation omitted).

The district court erred in finding that E&E's complaint failed to allege fraud with particularity. E&E identified the parties to the corporate fraud (who); explained the alleged conduct which occurred illegally (what); set out the time period in which the fraud was conducted (when); set out the location of the defendants, shell corporations, and fraudulent filings (where); and described how the alleged fraud was conducted (how). Therefore, E&E's complaint satisfied Rule 9(b)'s heightened pleading requirements.

2. To maintain standing under the UCL, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 885 (Cal. 2011) (emphasis in original). A plaintiff need not allege eligibility for restitution to establish standing. *Id.* at 894-95. E&E has standing, because it (1) alleges it lost business and profits (2) due to the unfair competitive actions of Defendants.

3. E&E adequately pleaded willful behavior on the part of Defendants, thereby stating a UCL claim under Federal Rule of Civil Procedure 12(b)(6).

3

"'Willfulness' in the context of criminal tax cases is defined as a 'voluntary, intentional violation of a known legal duty.'" *United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir.1992) (quoting *Cheek v. United States*, 498 U.S. 192, 196 (1991)). E&E pleaded both that Defendants acted purposefully and that their actions were intentional in carrying out the allegedly illegal scheme.

4.  California extends its personal jurisdiction to the limits of constitutional due process. Cal. Civ. Proc. Code § 410.10. Under the minimum contacts test, "if a corporate officer may be held personally responsible for causing the corporation to act, that act may be imputed to the officer for purposes of establishing personal jurisdiction over him." *Seagate Tech. v. A.J. Kogyo Co.,* 268 Cal. Rptr. 586, 590 (Ct. App. 1990); *see also Calder v. Jones*, 465 U.S. 783, 789–790 (1984). Given a motion to dismiss, E&E has alleged sufficient facts in its complaint to allow personal jurisdiction over Defendants Yung and Cournbanou. E&E alleged that Yung and Cournbanou were personally involved in the fraudulent scheme to avoid tax liability and gain unfair advantage in their company's California business activities in violation of the UCL.

AFFIRMED in part, REVERSED in part and REMANDED. Parties shall bear their own costs.