MEMORANDUM **
Henry and Judy Matthies challenge their convictions relating to their failure to pay income taxes. Mr. and Mrs. Matthies were each convicted of one count of conspiracy to defraud the United States under 18 U.S.C. § 371. Mr. Matthies was charged with two additional counts of willful failure to file tax returns under 26 U.S.C. § 7203. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
First, the district court was within its discretion to limit the Matthies’ testimony relating to their beliefs about the tax code. A good faith misunderstanding of the law negates the element of willfulness, and a defendant must be permitted to present evidence of his subjective beliefs of what the law is. United States v. Powell, 955 F.2d 1206, 1214 (9th Cir.1991). Here, the district court allowed the Matthies great leeway to discuss their subjective *557 beliefs and they provided extensive testimony and evidence of their interpretation of the tax code. The district court limited the Matthies’ testimony only when they began discussing the constitutional validity of the income tax, which is “irrelevant to the issue of willfulness and need not be heard by the jury.” Cheek v. United States, 498 U.S. 192, 206, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). The district court did not err in limiting the Matthies’ testimony in this manner.
Second, the district court did not abuse its discretion in concluding that a false document introduced by the prosecution was not material and the mistake could not have affected the judgment. The prosecutor introduced a tax return on which the “Single” filing status box was checked and referred to this marking in closing argument. . After trial, the parties discovered that the IRS, not the Matthies, had checked the “Single” box. Even assuming, as the district court did, that the government knowingly used false evidence, a new trial should be granted only if there is “any reasonable likelihood that the false testimony could have affected the judgment of the jury.” United States v. Agurs, 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). “[I]n the context of the entire record,” the introduction of the false document was immaterial. Cooper v. Brown, 510 F.3d 870, 925 (9th Cir.2007) (citing Agurs, 427 U.S. at 112, 96 S.Ct. 2392). The jury considered voluminous evidence of the Matthies’ past efforts to avoid taxation, including Mr. Matthies’ prior conviction for willful failure to file a tax return. The district court was within its discretion in finding there was no reasonable likelihood the false document had any effect on the jury’s verdict.
Finally, none of the four alleged evidentiary errors requires reversal. The Matthies first challenge the introduction of an IRS publication addressing common arguments made by tax protestors. Because the Matthies did not object to the admission of this evidence at trial, we review only for plain error. See United States v. Jawara, 474 F.3d 565, 583 (9th Cir.2007). Introduction of this document was proper because it was offered to show that the Matthies were on notice of their duty to pay income taxes, not for the purpose of proving the substance of tax law. Such evidence was relevant to the question of willfulness by proving “actual knowledge of the pertinent legal duty.” Cheek, 498 U.S. at 202, 111 S.Ct. 604. The district court did not plainly err in admitting it for that purpose.
The Matthies next challenge the admission of a transcript from Mr. Matthies’ previous trial for failure to pay taxes. Because the transcript was offered to show that the Matthies were on notice of their duty to pay income taxes and to impeach Mr. Matthies, rather than for the truth of the substance of the tax laws, the evidence was not hearsay. Fed.R.Evid. 801(c), 801(d)(1). Therefore, the Matthies’ claim that the government failed to prove the original witnesses were unavailable is irrelevant. Further, the admission of the transcript did not implicate the right to confrontation. See Crawford v. Washington, 541 U.S. 36, 59, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The district court did not plainly err in admitting the transcript.
The Matthies also challenge the prosecutor’s cross examination of Mr. Matthies regarding the advice he had received from professional tax attorneys. To the extent that the information discussed at trial was ever protected by attorney-client privilege, Mr. Matthies waived the privilege by testifying to his former attorneys’ advice. See United States v. Mendelsohn, 896 F.2d 1183, 1188-89 (9th Cir.1990). The *558 district court did not plainly err in permitting such an inquiry.
Lastly, the Matthies challenge admission of IRS instruction booklets for Form 1040. Mr. Matthies apparently objected to these documents on the ground they were not “authoritative.” We review the district court’s decision to admit the evidence for an abuse of discretion. See United States v. Plancarte-Alvarez, 366 F.3d 1058, 1062 (9th Cir.2004). Like the IRS publication and transcript of Mr. Matthies’ prior trial, these documents were properly admitted for the purpose of establishing the Matthies were on notice of their duty to pay income taxes. See Cheek, 498 U.S. at 202, 111 S.Ct. 604. The district court was within its discretion to admit the booklets.
There was no cumulative error.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.