NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30388 |
| Plaintiff - Appellee, | D.C. No. 6:11-cr-60131-AA-1 |
| v. | |
| RONALD D. JOLING, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30389 |
| Plaintiff - Appellee, | D.C. No. 6:11-cr-60131-AA-2 |
| v. | |
| DOROTHEA J. JOLING, | |
| Defendant - Appellant. | |

On Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted May 11, 2017**
Portland, Oregon

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  BYBEE and HURWITZ, Circuit Judges, and ZOUHARY,*** District Judge.


Ronald and Dorothea Joling, a married couple, were charged with various tax-related offenses stemming from their failure to pay income taxes since the mid-1990s.  Ronald Joling's primary defense was that he did not act willfully because he believed in good faith he was not required to pay taxes.  Dorothea Joling argued in addition that she did not act willfully because, according to her religion, she was obligated to obey her husband.

The jury was not convinced.  It convicted Ronald Joling of one count of conspiracy to defraud the United States, one count of tax evasion, and two counts of filing a false tax return.  Dorothea Joling was convicted of one count of conspiracy to defraud the United States.

The Jolings both challenge three of the district court's evidentiary rulings, as well as the district judge's failure to recuse herself in light of the $10 billion lien the Jolings filed against her.  In addition, Ronald Joling argues his sentence was substantively unreasonable in light of shorter sentences given to defendants

---

***    The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

2

convicted of similar offenses, and Dorothea Joling challenges the sufficiency of the evidence supporting her conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err by admitting Government Exhibit 181, titled "The Truth About Frivolous Tax Arguments." The Jolings argue Exhibit 181 was irrelevant because it was dated after the relevant conduct in this case had occurred—thus, Ronald Joling could not have considered the document during the relevant time period. Reviewing the district court's evidentiary ruling for abuse of discretion, *see United States v. Kahre*, 737 F.3d 554, 565 (9th Cir. 2013), we find none. In light of Ronald Joling's testimony, both the district court and the jury could have reasonably concluded that Ronald Joling read a document during the relevant time period that was substantially similar, if not identical, to Exhibit 181. Thus, Exhibit 181's relevance to the issues is apparent. *See United States v. Matthies*, 319 F. App'x 554, 557 (9th Cir. 2009).

2. The district court did not abuse its discretion by excluding Defense Exhibit 319, titled "Appointment of de jure Grand Jury Marshals by the de jure Grand Jury." As the district court correctly concluded, Exhibit 319 was minimally relevant to the Jolings' defense, and its probity was outweighed by the potential for confusing or

3

distracting the jury.

3. The district court similarly did not abuse its discretion by excluding transcripts of telephone calls with the Jolings' daughter. Those transcripts, like the bogus grand jury order in Exhibit 319, were at best minimally relevant to the Jolings' defense. Whether the Jolings attempted to obtain their daughter's release from prison against her wishes has little to do with whether they believed in good faith they were complying with federal tax laws. In any event, both Ronald Joling and his daughter testified about the substance of the conversations at issue.

4. Because the Jolings did not move to recuse the district judge, her decision not to recuse herself is reviewed for plain error. *See United States v. Holland*, 519 F.3d 909, 911 (9th Cir. 2008). Two federal statutes govern recusal: 28 U.S.C. § 144 and 28 U.S.C. § 455. The standard under each is the same: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quoting *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984)).

This Court has previously held that "[a] judge is not disqualified by a litigant's suit or threatened suit against him." *Id.* at 940. Here, the district judge's impartiality could not reasonably be questioned simply because of the Jolings' absurd $10 billion

4

lien.

5. Ronald Joling's 97-month prison sentence, which was at the high end of the applicable 78–97 month Guidelines range, was substantively reasonable. The district court appropriately considered the section 3553(a) factors, and did not commit "a clear error of judgment in the conclusion it reached." *United States v. Christensen*, 828 F.3d 763, 820 (9th Cir. 2015) (quoting *United States v. Ressam*, 679 F.3d 1069, 1087 (9th Cir. 2012) (en banc)).

The argument that Ronald Joling's sentence is substantively unreasonable because lighter sentences were given to other defendants who committed similar crimes lacks merit. A district court is "not required to conform the sentence to those imposed in similar cases." *Kahre*, 737 F.3d at 583 (9th Cir. 2013) (quoting *United States v. Burgum*, 633 F.3d 810, 813–14 (9th Cir 2011)).

6. The evidence was sufficient to convict Dorothea Joling. We review *de novo* her contention that there was insufficient evidence to establish that she acted willfully, "assess[ing] the evidence in the light most favorable to the prosecution, determining whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Rosales-Aguilar*, 818 F.3d 965, 970–71 (9th Cir. 2016) (quoting *United States v. Stewart*, 420 F.3d

5

1007, 1014–15 (9th Cir. 2005)).

Willfulness is the "voluntary, intentional violation of a known legal duty." *United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir. 1991) (quoting *Cheek v. United States*, 498 U.S. 192, 201 (1991)). "It is a state of mind of the taxpayer wherein he is fully aware of the existence of a tax obligation to the Government which he seeks to avoid." *United States v. Conforte*, 624 F.2d 869, 875 (9th Cir. 1980). The Supreme Court has provided a non-exclusive list of circumstances from which a jury may infer willfulness, including "concealment of assets . . . and any conduct, the likely effect of which would be to mislead or to conceal." *Spies v. United States*, 317 U.S. 492, 499 (1943).

The jury heard evidence that Dorothea Joling directly participated in: (1) filing false non-resident tax returns, (2) filing a fraudulent bankruptcy to frustrate an IRS bank levy, (3) opening and maintaining an account with a "warehouse bank" to conceal assets, (4) sending the IRS bogus money orders, and (5) retaliating against a county recorder who refused to remove a federal tax lien. There was thus ample evidence from which the jury could find willfulness.

Evidence suggesting Dorothea Joling felt obligated to follow her husband's instructions does not require a finding that she lacked willfulness. Reliance on others

6

"in tax evasion cases is not a complete defense, but only a circumstance indicating good faith which the trier of fact is allowed to consider on the issue of willfulness." *Conforte*, 624 F.2d at 876. Viewing the evidence in the light most favorable to the prosecution, a rational jury could conclude Dorothea Joling was more than an involuntary participant.

**AFFIRMED.**