**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50229 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 8:20-cr-00184-CJC-1 |
| DASHAWN LEWIS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and submitted December 8, 2022
Pasadena, California

Before: KELLY,[**] M. SMITH, and COLLINS, Circuit Judges.
Partial Concurrence by Judge COLLINS.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Appellant Dashawn Lewis appeals his jury conviction for possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We affirm the convictions.

1.     We review for abuse of discretion the district court's determination that a witness proposed to give expert testimony "is qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702; *see also Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015–16 (9th Cir. 2004). Appellant contends that Detective Rudy Valdez was not qualified to testify pursuant to Federal Rule of Evidence 702 because (1) he had undergone "only" thirty hours of training on firearms and ammunition and (2) had never testified as an expert before. But there is no minimum requirement for length of the training or education. *See United States v. Holguin*, 51 F.4th 841, 854 (9th Cir. 2022) (noting that, under Rule 702's "liberal" standard, "an expert's knowledge "need only exceed the common knowledge of the average layman." (citation omitted)). Appellant does not explain why more than thirty hours of training would be necessary to qualify a detective as an expert on the manufacture of ammunition.

The district court reasonably concluded that Detective Valdez's training and education, which included firearms accreditation from the International Firearms Specialist Academy, were sufficient to render him an expert able to provide helpful testimony on the topic. Moreover, that Detective Valdez had never before testified as an expert does not render him unqualified. Accordingly, the district court did not abuse its discretion in permitting his testimony.

2. Appellant next challenges Detective Gerald Zuniga's testimony on cell-site analysis, because: (1) Detective Zuniga's "expertise was in gangs and wiretaps," which was "not relevant" to the case; (2) his training on the cell-site analysis software was limited to a couple of days; and (3) he had testified as an expert on historical cell-site analysis only once before. Appellant's argument concerning the number of times Detective Zuniga had previously testified is unpersuasive. Moreover, as with his objections to the testimony of Detective Valdez, appellant does not explain why Detective Zuniga needed further training on the software, especially when he testified that he had conducted historical cell-site analysis "hundreds of times." Finally, even if Detective Zuniga's expertise in gangs and wiretaps is not relevant to Appellant's case, that would not preclude Detective Zuniga from also being an expert in historical cell-site analysis. Expertise in gangs and wiretaps is not inconsistent with expertise in historical cell-site analysis. The district court therefore did not abuse its discretion in permitting

3

Detective Zuniga's testimony.

3. Appellant also implies that Corporal Arturo Castorena was unqualified to testify as an expert because he "did not even know whether the ANPP [Anilino-N-phenethylpiperidine] found in the car was a controlled substance."[1] However, Castorena's testimony was not provided to help the jury determine whether ANPP, by itself, was illegal. That issue was undisputed. Instead, Castorena's testimony assisted the jury in understanding the *modus operandi* of drug trafficking transactions, a topic which Appellant admits Castorena "appeared to have some expertise in"—likely due to his involvement in seventy-five to one hundred drug-trafficking investigations. The district court therefore did not abuse its discretion in admitting the testimony of any of these three witnesses.

4. The district court did not err by giving the Ninth Circuit Model Criminal Jury Instruction on guilt beyond a reasonable doubt. The last sentence of that instruction provides as follows: "if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty." Appellant argues that this sentence is a misstatement of the law and "akin to a directed verdict,"

---

[1] While Corporal Castorena did not know whether ANPP, by itself, is a federally controlled substance, he testified that fentanyl—the drug ANPP is used to make—is a federally controlled substance.

4

because a jury can acquit a defendant, even though the government proved guilt beyond a reasonable doubt, through nullification. *See United States v. Powell*, 955 F.2d 1206, 1212–13 (9th Cir. 1991).

Nullification, however, is "a violation of a juror's sworn duty to follow the law as instructed by the court," and "trial courts have the duty to forestall or prevent" it, including "by firm instruction or admonition." *Merced v. McGrath*, 426 F.3d 1076, 1079–80 (9th Cir. 2005). As such, an instruction to the jury to follow the law—i.e., to find a defendant guilty if convinced of his guilt beyond a reasonable doubt—is proper. *See United States v. Mikhel*, 889 F.3d 1003, 1033 (9th Cir. 2018) (upholding same model instruction). "[I]t is not generally erroneous for a court to instruct a jury to do its job; that is, to follow the court's instructions and apply the law to the facts." *United States v. Kleinman*, 880 F.3d 1020, 1032 (9th Cir. 2017). Nor does such an instruction constitute a misstatement of the law, "since nullification is by its nature the rejection of such duty." *United States v. Lynch*, 903 F.3d 1061, 1080 (9th Cir. 2018).

In *Kleinman*, we explained what a court *cannot* do: "state or imply that (1) jurors could be punished for jury nullification, or that (2) an acquittal resulting from jury nullification is invalid." 880 F.3d at 1032. The last sentence of the standard instruction does neither. Here, "there was no indication that nullification would place jurors at risk of legal sanction or otherwise be invalid" nor did the

district court "tell the[] [jury] that they lacked the actual ability to [nullify]." *Lynch*, 903 F.3d at 1079.  Accordingly, the district court did not err, much less plainly err, by providing such an instruction to the jury.

**AFFIRMED.**

FILED

FEB 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

COLLINS, Circuit Judge, concurring in part and in the judgment:

I join Sections 1, 2, and 3 of the majority's memorandum disposition. As to Lewis's challenge to the district court's reasonable-doubt instruction, I concur on the narrower ground that, even assuming that the instruction was erroneous, Lewis has not shown that reversal is warranted.

The district court's jury instruction on reasonable doubt was drawn from the 2010 version of this circuit's pattern jury instructions. *See* NINTH CIR. JURY INSTRUCTIONS COMM., MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 3.5 (2020).[1] Lewis challenges only the final sentence of that pattern instruction, which states that, "if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty." *Id.* On appeal, Lewis contends that this sentence exceeds the bounds of what is permissible in an "anti-nullification jury instruction." *United States v. Kleinman*, 880 F.3d 1020, 1031 (9th Cir. 2017). Because Lewis did not raise this objection below, our review is only for plain error. *See* FED. R. CRIM. P. 30(d), 52(b).

In *Kleinman*, we held that, "[a]lthough a court has the duty to forestall or

---

[1] The model instructions have since been updated, and this instruction is now listed as No. 6.5. *See* NINTH CIR. JURY INSTRUCTIONS COMM., MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 6.5 (2022).

prevent nullification, including by firm instruction or admonition, a court should not state or imply that (1) jurors could be punished for jury nullification, or that (2) an acquittal resulting from jury nullification is invalid." 880 F.3d at 1032 (simplified). Even assuming *arguendo* that the challenged sentence plainly violated *Kleinman*'s limits on anti-nullification instructions, that is insufficient to warrant reversal under the plain error doctrine. The party asserting plain error must also carry the burden to show that two additional elements are satisfied, namely that (1) "the error must affect 'substantial rights,' which generally means that there must be 'a reasonable probability that, but for the error, the outcome of the proceeding would have been different'"; and (2) "the error had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'" *See Greer v. United States*, 141 S. Ct. 2090, 2096 (2021) (citations omitted); *see also United States v. Dominguez-Benitez*, 542 U.S. 74, 82 (2004) ("[T]he burden of establishing entitlement to relief for plain error is on the defendant claiming it.").

In contending that he has satisfied these additional aspects of the plain error test, Lewis relies solely on the contention that the asserted error amounts to a faulty reasonable-doubt instruction that, under *Sullivan v. Louisiana*, 508 U.S. 275 (1993), is "per se reversible." But we rejected this precise contention in *Kleinman*, holding that an erroneous anti-nullification instruction "did not amount to a structural error." 880 F.3d at 1034. We expressly rejected the analogy to *Sullivan*,

2

in which the jury was given an instruction that misdescribed the substance of the beyond-a-reasonable-doubt standard itself. *See id*. Where, as here, the only claim is that the challenged language unduly impinged upon the jury's power to *nullify*, there is no basis for concluding that, as in *Sullivan*, the substantive standard for evaluating "reasonable doubt" has been improperly articulated.

Because Lewis's per-se reversal theory is contrary to *Kleinman*, and because he has not even attempted to make any case-specific showing that the two above-described additional elements of the plain error test are met, Lewis has failed to establish any plain error. On that basis, I concur in the court's judgment rejecting Lewis's challenge to the pattern jury instruction.